UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLENDI SAHITI,<br><br>    Plaintiff,<br><br>v.<br><br>TARENTUM, LTD, d/b/a Ulivo, FABIO CAMARDI, and MANUELA CALABRESE,<br><br>    Defendants. | 19-CV-_____<br><br>**COMPLAINT**<br><br>TRIAL BY JURY DEMANDED |

Plaintiff Blendi Sahiti ("Mr. Sahiti"), by and through his attorneys, respectfully alleges, upon personal knowledge as to some, and information and belief as to the rest, the following:

## NATURE OF THE ACTION

1. Defendants employed Mr. Sahiti as a busser at the restaurant, Ulivo, located at 4 W 28th Street, New York, NY.

2. However, Defendants willfully failed to compensate Mr. Sahiti **at all** for the hours he worked at Ulivo; willfully failed to keep record of his hours worked at Ulivo; and willfully failed to provide Mr. Sahiti a wage notice and wage statement.

3. As a result of Defendants' willful acts and omissions, Defendants are liable to Mr. Sahiti under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA") for his unpaid wages, reasonable attorneys' fees, costs, and expenses; and under the New York Labor Law, Art. 6 §190 et seq. and , Art. 19 § 650 *et seq.*, ("NYLL") for his unpaid wages, statutory damages, and his reasonable attorneys' fees, costs, and expenses, as well as statutory damages and reasonable attorneys' fees, costs and expenses related to Defendants' failure to provide proper wage notice and wage statements.

1

4. A prior action involving Mr. Sahiti's NYLL claims was brought in the Civil Court of the State of New York, County of New York. That case was captioned *Sahiti v. Tarentum, Ltd, et al.*, CV-023373-17/NY.

5. In that action, Plaintiff filed a Notice of Default against Defendant Tarentum, Ltd. and thereafter, Defendant Tarentum, Ltd. appeared, opposed the Notice of Default, and cross-moved to dismiss on the grounds that it claimed it never employed Mr. Sahiti.

6. During the course of litigating the Cross-Motion to Dismiss, Plaintiff's counsel obtained Affidavits from Defendant Fabio Camardi which are annexed hereto as **Exhibit 1**.

7. In his January 10, 2019 Affidavit, Camardi averred, "I have reviewed Tarentum's records and have no records of a Sahiti being hired, terminated or having any other relationship with Tarentum… I have no independent recollection of ever interviewing, meeting or otherwise engaging with Sahiti. **Exhibit 1**, Jan. 10, 2019 Camardi Aff. ¶ 14,16.

8. In his February 1, 2019 Affidavit, Camardi averred that "Since its opening, Tarentum has hired all of its bussers through four (4) employment agencies: Parma Employment Agency, Alexa Employment Agency Corp., Alma Employment Agency Corp. and Eleny's Employment Agency Inc…." **Exhibit 1**, Feb. 10, 2019 Camardi Aff. ¶ 5.

9. Camardi further averred that "Each new hire at Tarentum is directly referred to us by one of the Agencies." **Exhibit 1**, Feb. 10, 2019 Camardi Aff. ¶ 6.

10. Critically, Camardi averred that "<u>Tarentum has no record that Sahiti was referred to Ulivo by an Agency nor do we have a written application or other evidence indicating that Sahiti had any employment with Ulivo</u>." **Exhibit 1**, Feb. 10, 2019 Camardi Aff. ¶ 9 (emphasis added).

11. However, the annexed screenshots of the business records of Parma Employment Agency suggest otherwise. *See* **Exhibit 2**.

2

12.     These screenshots indicate that on August 31, 2017, Parma Employment Agency referred Mr. Sahiti to Ulivo for work.

13.     Plaintiff believes that if the custodian of business records of Parma Employment Agency was directed to testify and produce the business records related to the claims in this action, they would affirm the same.

14.     After Plaintiff's counsel informed Defendants' counsel of the foregoing on June 28, 2019, Defendant Camardi did not made any attempt to amend his affidavit and Defendants persisted in their refusal to resolve this matter privately on reasonable terms.

15.     Thereafter, Mr. Sahiti, a family man of modest means, discontinued the action without prejudice in the Civil Court of New York, New York County and filed this instant action alleging additional claims under the Fair Labor Standards Act of 1938.

## JURISDICTION AND VENUE

16.     Jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 201, et seq., and 28 U.S.C. § 1331.

17.     This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

18.     A substantial part of the events or omissions giving rise to the claims herein, including all of the work Mr. Sahiti performed for Defendants occurred within the Judicial District for the Southern District of New York.

19.     Accordingly, this action properly lies in the Southern District of New York, pursuant to 28 U.S.C. § 1391.

## THE PARTIES

20. Plaintiff Blendi Sahiti is a natural person, over eighteen years old, who currently resides in Bronx County in the State of New York and is a citizen of New York.

21. At all times relevant herein, Defendant Tarentum, Ltd. was and is a New York for-profit corporation that is doing business as Ulivo, a restaurant located at 4 W 28th Street, New York, NY 10001.

22. During the year Defendants employed Mr. Sahiti at Ulivo, Ulivo generated a gross annual revenue of at least $500,000.00.

23. According to its website, www.ulivonyc.com, since 2016, Ulivo has been open for business from Sunday to Thursday, 11:30 a.m. to 11:00 p.m. and Friday and Saturday, 11:30 a.m. to 12 p.m. midnight, 356 days per year.

24. According to its website, www.ulivonyc.com, Ulivo has multiple seating areas for customers, including a Cellar that seats 30 customers with a dedicated cocktail bar, coat check, and private "Ipod" music connection, and private restrooms for private parties; a Chef's Table that seats 14 customers; and a Communal Table in the main dining area that seats 10 people.

25. According to its website, www.ulivonyc.com, Ulivo's menu lists appetizers ranging from $8 to $38, entrees from $16 to $60, single alcoholic beverages from $13 to $150, and bottles of wine from $44 to $590. It also advertises that "personalized" pre fixe menu items are available.

26. Defendant Fabio Camardi is a natural person, over eighteen years old, who resides at 268 Wythe Avenue, Apartment 7B, Brooklyn, NY 11249, and is a citizen of New York. Defendant Camardi is the sole owner and President of Defendant Tarentum, Ltd. Defendant Camardi hires and fires Ulivo employees, supervises them, and is ultimately responsible for setting their rates of pay, work schedules, and maintaining their employment records.

27.     Defendant Manuela Calabrese is a natural person, over eighteen years old, who resides in the State of New York and is a citizen of New York. Her address is unknown to Mr. Sahiti, but is known to Defendants and in the course of discovery will be requested by Plaintiff. Defendant Calabrese is the General Manager of Ulivo. In that role, she manages the day-to-day operations of the Ulivo, manages the daily reservations of the restaurant, the floor operations, and supervises and direcs Ulivo employees, and also sets their work schedules.

28.     At all times relevant herein, Defendants were Plaintiff's "employer" and Plaintiff was Defendants' "employee" within the meaning of the NYLL and the FLSA.

## FACTS

29.     Mr. Sahiti was referred to work at Ulivo as a busser by the employment agency, Parma Employment Agency.

30.     Mr. Sahiti performed the duties of a busser at Ulivo on Thursday, August 31, 2017, from 4:30 p.m. to 11:30 p.m., including cleaning tables, taking plates, utensils and drinkware to the kitchen to be washed, ensuring customers' water glasses were full, and resetting tables for incoming customers.

31.     After his first shift, Mr. Sahiti telephoned Ulivo's main number to see when he could work again and Manuela Calabrese, Ulivo's General Manager, answered Mr. Sahiti's call.

32.     During the call, Calabrese told Mr. Sahiti that Ulivo did not have another shift available for Mr. Sahiti. Thereafter, Mr. Sahiti asked Calabrese when he could pick up his paycheck for the work performed on August 31. Calabrese told Mr. Sahiti that, **as a matter of company policy**, Ulivo does not pay for the first day of work in these circumstances.

33.     As a result, Defendants willfully failed to compensate Mr. Sahiti **at all** for the hours he worked on or about August 31, 2017 at Ulivo.

34. In addition, Defendants willfully failed to provide Mr. Sahiti with the appropriate wage notice and wage statement required by NYLL, Art. 6 §195.

35. Defendants also willfully failed to accurately record Mr. Sahiti's work hours and did not require him to do so.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act - Unpaid Minimum Wages
### Against All Defendants

36. Plaintiff alleges, and incorporates by reference the above allegations as if set forth fully and at length herein.

37. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of the FLSA.

38. Defendants willfully failed to pay Plaintiff the applicable minimum wage for each hour worked, in violation of the FLSA.

## SECOND CAUSE OF ACTION
### New York Labor Law - Unpaid Minimum Wages
### Against All Defendants

39. Plaintiff alleges, and incorporates by reference the above allegations as if set forth fully and at length herein.

40. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of the NYLL §§2 and 651 and the regulations and wage orders thereunder.

41. At all times relevant herein, Defendants willfully failed to pay Plaintiff the applicable minimum wage for each hour worked, in violation of the NYLL and its implementing regulations and wage orders, NYLL §§650 *et seq.*, 12 NYCRR §142-2.2.

## THIRD CAUSE OF ACTION
### New York Labor Law - Failure to Provide Wage Statements
### Against All Defendants

42.     Plaintiff alleges, and incorporates by reference the above allegations as if set forth fully and at length herein.

43.     Defendants willfully failed to supply Plaintiff with an accurate statement of wages as required by NYLL §195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

## FOURTH CAUSE OF ACTION
### New York Labor Law - Failure to Provide Wage Notice
### Against all Defendants

44.     Plaintiff alleges, and incorporates by reference the above allegations as if set forth fully and at length herein.

45.     Defendants willfully failed to supply Plaintiff notice as required by NYLL §195, in English or in the language identified by Plaintiff as his primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

a. declare Defendants to be in violation of Plaintiff's rights under the Fair Labor Standards Act of 1938;

b. declare Defendants to be in violation of Plaintiff's rights under the New York Labor Law;

c. award Plaintiff his unpaid wage compensation, attorneys' fees, costs, and expenses pursuant to the Fair Labor Standards Act of 1938;

d. award Plaintiff his unpaid wage compensation; liquidated damages, prejudgment interest, costs and attorney's fees pursuant to the New York Labor Law;

e. award Plaintiff the maximum recovery for violations of New York Labor Law § 195(1) and (3);

f. award Plaintiff such other relief as the Court deems just and proper.

Dated: New York, NY
August 7, 2019

Respectfully submitted,

**LISZKA AND GRAY, LLC**

By:   */s/Zachary J. Liszka*
Zachary J. Liszka, Esq.
1180 Avenue of the Americas
Suite 800
New York, NY 10036
z@lglaw.nyc
(347)762-5131
*Attorneys for Plaintiff*