UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
BLENDI SAHITI,

                       Plaintiff,

  -against-

TARENTUM, LTD d/b/a Ulivo, FABIO CAMARDI,
AND MANUELA CALABRESE,

                       Defendants.
------------------------------------------------------------------------X

Index No. 19-CV-07377

**DEFENDANTS' LOCAL RULE 56.1 STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

      Defendants Tarentum, Ltd. d/b/a Ulivo ("Ulivo"), Fabio Camardi ("Camardi") and Manuela Calabrese ("Calabrese") (collectively "Defendants") submit this statement of undisputed material fact ("Statement") pursuant to Local Civil Rule 56.1 in connection with their motion for summary judgment dismissing the First Amended Complaint ("FAC") or Plaintiff Blendi Sahiti ("Plaintiff" or "Sahiti") (ECF 15).  The evidence in admissible form relied on in this statement is annexed to the accompanying Declaration of Samuel Blaustein ("Blaustein Dec.") or available on the Courts ECF record.  Defendants aver that there is no legitimate dispute about the following material facts:

1. Ulivo is and was in 2017 an Italian restaurant in Manhattan owned by Tarentum, Ltd., a domestic business corporation.  (First Amended Complaint ("Am. Cplt.") ¶ 1) (ECF 15); Camardi Tr. 30:21 – 31:5;[1] TARENTUM000035-TARENTUM000036).

2. Camardi is and was in 2017 the founder and owner of Ulivo.  (Am. Cplt. ¶¶ 50, 57; Camardi Tr. 20:15-22, Calabrese Tr. 55:5-6; TARENTUM000154-TARENTUM000158).

---

[1] References to the deposition transcripts of Fabio Camardi, Manuel Calabrese and Liliana Rosaspina are in the form "Deponent Tr. Page:Lines – Page:Lines."

3. Camardi is and was in 2017 responsible for hiring all employees at Ulivo. (Am. Cplt. ¶ 61; Camardi Tr. 20:2-4, 35:5-17).

4. Ulivo hired bussers in 2017 from non-party Parma Employment Agency ("Parma"). (Am. Cplt. ¶ 63; Camardi Tr. 31:6 – 32:24, 42:20 – 43:12; Calabrese Tr. 61:21 – 62:5).

5. Calabrese is and was at all relevant times the general manager of Ulivo. (Am. Cplt. ¶¶ 3, 71; Calabrese Tr. 16:25 – 17:8; Camardi Tr. 39:15-17).

6. Ulivo's staff has scheduled shifts, prepared by Calabrese and reported to Camardi, for which they much clock-in and clock-out. (Camardi Tr. 48:4-11, 76:18-20; Calabrese Tr. 53:24-25, 57:8-10).

7. Sahiti possesses no records indicating that he ever applied to work, interviewed to work, actually worked at Ulivo or demanded payment from Ulivo. (*See* Sahiti Response to Interrogatory No. 3 dated June 4, 2020 and Amended Rule 26 Disclosures).

8. Sahiti never worked at Ulivo. (Calabrese Tr. 92:10-12; TARENTUM000038).

9. Plaintiff sought employment from non-party Parma beginning in 2016. (Rosaspina Tr. 7:8 – 8:2, 15:13 – 16:13 and Ex. 1).

10. Liliana Rosaspina ("Rosaspina") is the owner of Parma. (Rosaspina Tr. 9:22 – 10:2).

11. Parma is licensed as an employment agency in the City of New York. (Rosaspina Tr. 18:4-6; TARENTUM000049-TARENTUM000042).

12. Parma is not an employer and does not have authority to hire employees on behalf of Ulivo; instead they only provide applicants to interview. (Rosaspina Tr. 11:7-21, 18:7-9); Calabrese Tr. 60:21- 62:5).

13. Parma is paid by the applicant (i.e. Sahiti) only if they obtain employment. (Rosaspina Tr. 19:9-10).

14. Parma asks applicants if they are authorized to work in the United States but does not inquire about applicants' immigration status or check documents. (Rosaspina Tr. 18:10 - 19:5)

15. Parma's records show that Parma referred Plaintiff to Ulivo on August 31, 2017 for an interview. (Rosaspina Tr. 10:16-21, 16:20 – 17:10 and Ex. 1, PARMA00001-PARMA00005; Sahiti Amended Rule 26 Disclosures).

16. Parma has no record nor does Ms. Rosaspina have any recollection of Sahiti claiming he obtained employment at Ulivo. (Rosaspina Tr. 14:18-20, 19:6 – 20:16 and Ex. 1).

17. Sahiti did not pay a fee to Parma in connection with his alleged employment at Ulivo. (Rosaspina Tr. 19:19 - 20:13).

18. Parma's records show that Parma referred Plaintiff Sahiti to another employer on September 5, 2017. (Rosaspina Tr. 15:2-12, 20:24 - 21:3 and Ex. 1).

19. All potential Ulivo employees must attend an onboarding process; specifically an applicant for a busser position at Ulivo must observe, interview, submit forms, be hired as authorized by Camardi, issued an employee identification number and train before commencing employment. There is no way an applicant can simply show up at Ulivo and work a shift without first observing, interviewing, being hired and logged into Ulivo's computer system and trained. (Am. Cplt. ¶ 64; Rosaspina Tr. 10:21-11:3, 17:2-7 and Ex. 1; Camardi Tr. 8:2-13, 63:5-11, Calabrese Tr. 37:6 – 38:3, 52:1 - 54:2l; Defendants' Local Rule 33.3 Interrogatory Responses, TARENTUM000172-TARENTUM00173, TARENTUM000181).

20. All potential Ulivo bussers must visually observe Ulivo's operations before proceeding to an interview and formal training. (Camardi Tr. 33:11-34:6; Calabrese Tr. 41:18 – 42:3, 53:11-2 – 54:2, 65:23 – 66:4).

21. Prior to training, Ulivo employees are interviewed, including confirmation of their immigration status or other eligibility to work in the United States, required to submit certain forms and, if hired, entered into Ulivo's computer records, including a payroll system administered by non-party Paychex, Inc. ("Paychex") which requires proof of legal status to issue a paycheck. (Camardi Tr. 34:17 - 35:22, 40:14 – 41:2, 54:17-22; Calabrese Tr. 29:8-11, 66:19, 90:2-10, TARENTUM000001-TARENTUM000006, TARENTUM000172-TARENTUM000173, TARENTUM000181).

22. Sahiti was not authorized to work in the United States as of August 31, 2017. (ECF 31-32).

23. Camardi and Calabrese are the only Ulivo employees that conduct interviews. (Camardi Tr. 73:24 – 74:3).

24. Potential Ulivo employees are provided with documents (i.e. documents from the New York Labor Department and submit a written forms (i.e. for tax purposes) at the time of their interview. (Camardi Tr. 35:23 – 36:4; Calabrese Tr. 39:21-40:4, 40:11-41:13).

25. All Ulivo bussers are paid during training. (Camardi Tr. 45:24-46:8; Calabrese Tr. 9:20-21, 22:4-18).

26. Ulivo's time-stamped Paychex payroll record for the week August 28, 2017 – September 3, 2017 (including August 31, 2017) (checks issued on September 8, 2017) do not

indicate that Sahiti was enrolled in payroll or employed at Ulivo.  (TARENTUM000001-TAREUNTUM000006).[2]

27. Defendants conducted a search of their physical file and electronic records (including work schedules) and possess no other documents nor any recollection of Sahiti being interviewed, trained or hired to work at Ulivo.  (Calabrese Tr. 7:14-23, 64:7-18; Camardi Tr. 45:11-23, 51:10 – 52:17, 73:12-15, 79:6-10).

28. Camardi never spoke to Rosaspina about Sahiti.  (Camardi Tr. 43:10-12).

29. There are no records that Sahiti ever called Defendants to request wages.  (Calabrese Tr. 88:10-21; Sahiti's May 15, 2020 Subpoenas to Sprint at Blaustein Dec. Ex. I ).

30. Sahiti filed a claim in New York City Civil Court that was dismissed, no appeal was taken and thereafter voluntarily dismissed.  (TARENTUM000150-TARENTUM000151).

Dated: New York, New York
       July 10, 2020

                                        DUNNINGTON, BARTHOLOW & MILLER LLP
                                        *Attorneys for Defendants Tarentum, Ltd. d/b/a*
                                        *Ulivo, Fabio Camardi, and Manuela Calabrese*

                                        By:   /s/ *Samuel A. Blaustein*
                                              Samuel A. Blaustein
                                              Akbar A. Khan
                                              230 Park Avenue, Floor 21
                                              New York, New York 10169
                                              (212) 682-8811
                                              SBlaustein@dunnington.com
                                              AKhan@dunnington.com

---

[2] An un-redacted version of the payroll was provided to counsel for Sahiti in discovery as was other contact information for employees.