UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
BLENDI SAHITI,

                                                        Index No.  19-CV-07377(AT)(KNF)

                           Plaintiff,

       -against-


TARENTUM, LTD d/b/a Ulivo, FABIO CAMARDI,
AND MANUELA CALABRESE,

                           Defendants.
-----------------------------------------------------------------------X



**<u>MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT</u>**

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ............................................................................1

FACTS ...............................................................................................................4

    A.  Sahiti Was Never Hired Nor Employed By Uliv And Was Instead, At Most, Referred By Non-Party Parma Employment Agency For An Interview ...........................4

        a.  Sahiti's FAC Does Not Allege That He Was Interviewed, Trained, Hired Or Otherwise An Employee of Ulivo .................................................................4

        b.  Parma's Rosaspina Is Subpoenaed By Plaintiff And Defendant And She Testifies Against Sahiti, Specifically That Parma's Documentation Shows That Sahiti Was Referred For An Interview Only, That There Is No Proof That Sahiti Was Hired And That Instead Sahiti Was Referred To Another Employer Five Days Later ..........5

        c.  Ulivo Employees Must Observe, Interview, Train, Sign Formal Documents, Be Assigned An Employee Identification Number, Be Registered In Paychex, Assigned A Shift And Clock-In Before Commencing Employment ...........................6

    B.  Neither Sahiti Nor The Third Parties Identified By Sahiti Possess Any Records Indicating That He Was Ever Employed By Ulivo, That He Ever Contacted Ulivo To Request Payment Or That He Ever Attempted To Seek Testimony From Alleged Corroborating Witnesses ..................................................................................8

    C.  Procedural History ...........................................................................................10

ARGUMENT ....................................................................................................11

    A.  Applicable Legal Standard On Summary Judgment ...........................................11

    B.  Sahiti Was Never An Employee Of Tarentum And Dismissal is Warranted ...................13

        i.  Sahiti Failed to Meet His Burden Of Demonstrating That He Was An "Employee" Under The FLSA or NYLL ...............................................................................13

        ii.  Parma Is An Employment Agency And Sahiti Cannot Establish Employment Status Based On Parma's Records And Rosaspina's Testimony .................................14

        iii.  Sahiti Inexplicably Failed To Seek Testimony From Alleged Witnesses Or Preserve Critical Cell Phone Data .............................................................................15

        iv.  No Reasonable Jury Could Find that Sahiti Was Employed at Ulivo ..........................16

i

C.  In The Alternative, Partial Summary Judgment Is Warranted As To The Individual Defendants Because Neither Camardi Nor Calabrese Were Sahiti's Employer...............18

D.  In The Additional Alternative, The Court Should Grant Defendants' Motion *In Limine* ........................................................................................................................19

    i.  Legal Standard ........................................................................................................19

    ii.  The Court Should Bar Any Testimony Or Evidence Sought To Be Introduced By Sahiti Concerning Sahiti's Alleged Call To Ulivo And Immigration Status...............20

        1.  The Court Should Preclude Sahiti From Testifying Or Submitting Any Evidence That He Called Tarentum After August 31, 2017 And Spoke To Calabrese .................................................................................................................20

        2.  The Court Should Preclude Sahiti From Testifying Or Submitting Any Evidence Concerning Sahiti's Citizenship Or Legal Authority To Work In The United States .............................................................................................................21

E.  The Court Should Dismiss Sahiti's State Law Claims or Decline To Exercise Supplemental Jurisdiction ......................................................................................22

CONCLUSION ...............................................................................................................23

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Arrow Employment Agency Inc. v. Tom Rice Buick-Pontiac-GMC Truck Inc.*,
    185 Misc. 2d 811, 714 N.Y.S.2d 408 (App. Term 2d Dept. 2000)..........................................14

*Bermudez v. Karoline's Int'l Rest. Bakery Corp.*,
    No. CV 12-6245 LDW GRB, 2013 WL 6146083 (E.D.N.Y. Nov. 21, 2013)........................21

*CapLOC, LLC v. McCord*,
    No. 17 CIV. 5788 (AT), 2020 WL 1036044 (S.D.N.Y. Mar. 3, 2020) ...................................11

*Castro v. AABC Constr., Inc.*,
    No. 17-CV-1205 (VSB), 2020 WL 1809289 (S.D.N.Y. Apr. 9, 2020) ...........................13, 18

*Chansamone v. IBEW Local 97*,
    523 Fed.Appx. 820 (2d Cir. 2013) .........................................................................................12

*Cifarelli v. Vill. of Babylon*,
    93 F.3d 47 (2d Cir. 1996) ......................................................................................................12

*Clark v. Travelers Companies, Inc.*,
    No. 216CV02503ADSSIL, 2020 WL 473616 (E.D.N.Y. Jan. 29, 2020)................................15

*Garnica v. Edwards*,
    72 F. Supp. 3d 411 (S.D.N.Y. 2014)......................................................................................12

*Glatt v. Fox Searchlight Pictures, Inc.*,
    811 F.3d 528 (2d Cir. 2016).....................................................................................................13

*Green v. Humana At Home, Inc.*,
    380 F. Supp. 3d 400 (S.D.N.Y. 2019), *motion to certify appeal denied*, No. 16 CIV. 7586
    (AJN), 2019 WL 3729390 (S.D.N.Y. Aug. 8, 2019).............................................................17

*Hart v. RCI Hosp. Holdings, Inc.*,
    90 F. Supp. 3d 250 (S.D.N.Y. 2015).....................................................................................19

*Hayes v. New York City Dep't of Corr.*,
    84 F.3d 614 (2d Cir.1996)......................................................................................................12

*Kenneth Mitchell & Co. v. Aetna Life & Cas.*,
    No. 88 CIV. 7457 (CMM), 1989 WL 74822 (S.D.N.Y. June 27, 1989) ................................15

*Martin v. Sprint United Mgmt. Co.*,
    273 F. Supp. 3d 404 (S.D.N.Y. 2017).....................................................................................13

*In re Merrill Lynch Ltd. P'ships Litig.*,
    154 F.3d 56 (2d Cir. 1998)..................................................................................22

*Mrs. Bloom's Direct Inc. v. Saavedra*,
    No. 18-CV-8041 (OTW), 2019 WL 4733600 (S.D.N.Y. Sept. 27, 2019).............................21

*Nora Beverages, Inc. v. Perrier Grp. of Am., Inc.*,
    269 F.3d 114 (2d Cir. 2001)................................................................................12

*Paladino v. Potter*,
    No. 06-CV-5930JFBAKT, 2007 WL 4255247 (E.D.N.Y. Nov. 29, 2007), *aff'd*, 347 F. App'x
    613 (2d Cir. 2009)............................................................................................16

*Preacely v. AAA Typing & Resume, Inc.*,
    No. 12 CIV. 1361 AT RLE, 2015 WL 1266852 (S.D.N.Y. Mar. 18, 2015) ...........................11

*Rhodes v. Herz*,
    84 A.D.3d 1, 920 N.Y.S.2d 11 (1st Dept. 2011).....................................................14

*Robbins v. Moore Med. Corp.*,
    894 F. Supp. 661 (S.D.N.Y. 1995).......................................................................17

*Robert Half of New York v. Levine-Baratto Assocs., Inc.*,
    126 Misc. 2d 169, 481 N.Y.S.2d 597 (Civ. Ct. N.Y. Co 1984)...................................14

*Roslyn Employment Agency, Inc. v. Ryan*,
    234 N.Y.S.2d 79 (Sup. Ct. Nassau Co. 1962).........................................................14

*S.E.C. v. Obus*,
    693 F.3d 276 (2d Cir. 2012)...............................................................................11

*Sahiti v. Tarentum, Ltd. d/b/a Ulivo*
    (Index No. 23373/17).........................................................................................3

*Salinas v. Starjem Rest. Corp.*,
    123 F. Supp. 3d 442 (S.D.N.Y. 2015)..................................................................19

*Satterfield v. United Parcel Serv., Inc.*,
    No. 00 CIV.7190 (MHD), 2003 WL 22251314 (S.D.N.Y. Sept. 30, 2003).....................17, 18

*Sec. & Exch. Comm'n v. Fowler*,
    440 F. Supp. 3d 284 (S.D.N.Y. 2020)..................................................................16

*United Magazine Co. v. Murdoch Magazines Distrib.*,
    393 F.Supp.2d 199 (S.D.N.Y.2005)......................................................................15

*Vasto v. Credico (USA) LLC,*
　　No. 15 CIV. 9298 (PAE), 2017 WL 4877424 (S.D.N.Y. Oct. 27, 2017), *aff'd,* 767 F. App'x
　　54 (2d Cir. 2019)...................................................................................................................13

*Wang v. Hearst Corp.,*
　　877 F.3d 69 (2d Cir. 2017)..................................................................................................13

*Watkins v. New York City Transit Auth.,*
　　No. 16 CIV. 4161 (LGS), 2018 WL 895624 (S.D.N.Y. Feb. 13, 2018)................................20

*Winfield v. Babylon Beauty Sch. of Smithtown Inc.,*
　　89 F. Supp. 3d 556 (E.D.N.Y. 2015) ...................................................................................19

*Wojcik v. Brandiss,*
　　973 F. Supp. 2d 195 (E.D.N.Y. 2013) .................................................................................12

*Youngja Huh v. Suez Water Westchester Inc.,*
　　No. 16 CIV. 3240 (PAE), 2017 WL 1857252 (S.D.N.Y. May 5, 2017) ...............................21

*Zubulake v. UBS Warburg LLC,*
　　220 F.R.D. 212 (S.D.N.Y. 2003) .........................................................................................20

**Statutes**

29 U.S.C.A. § 203(e)(1)...............................................................................................................13

28 U.S.C. § 1367(a) .....................................................................................................................22

28 U.S.C. § 1367(c) .....................................................................................................................22

Fair Labor Standards Act ........................................................................................1, 13, 18, 21, 22

Fed R. Civ. P. 26 ..............................................................................................................1, 3, 9, 11

Fed. R. Civ. P. 37(e) ....................................................................................................................20

Fed. R. Civ. P. 56(e) ....................................................................................................................17

Fed. R. Civ. P. 56(g) ....................................................................................................................11

Fed. R. Civ. P. 68 ....................................................................................................................3, 11

New York Labor Law ........................................................................................................1, 13, 18, 22

N.Y. Gen. Bus. Law § 170 *et. seq.*............................................................................................14

N.Y. Gen. Bus. Law § 172 ...........................................................................................................14

N.Y. Gen. Bus. Law § 173 ...........................................................................................................14

N.Y. Gen. Bus. Law § 179 .................................................................................................14

N.Y. Gen. Bus. Law § 185(1) ...........................................................................................14

**Other Authorities**

Local Civil Rule 6.1 ..........................................................................................................10

Local Civil Rule 56.1 ...............................................................................................1, 4, 12

United States Constitution Article III .................................................................................22

## PRELIMINARY STATEMENT

Defendants Tarentum, Ltd. d/b/a/ Ulivo ("Ulivo"), Fabio Camardi ("Camardi") and Manuela Calabrese ("Calabrese") (collectively, "Defendants") submit this memorandum of law in support of their motion for summary judgment dismissing the First Amended Complaint ("FAC") (ECF 15) of Plaintiff Blendi Sahiti ("Sahiti" or "Plaintiff") as authorized by the Court's July 23, 2020 Order.  (ECF 69).  The parties have exchanged Local Rule 56.1 Statements.  (ECF 66-2, 66-3).  Summary judgment is warranted because discovery produced by Defendants and non-parties establishes that Sahiti was never an Ulivo employee.  By contrast, Sahiti has produced no evidence.

Plaintiff's FAC asserts claims under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") alleging that Plaintiff was not paid eighty-four dollars ($84.00) for working as a busser at Ulivo on August 31, 2017.  Plaintiff's claims require Sahiti to establish that he was an "employee" of Ulivo.  The FAC alleges that Ulivo hires employees referred by employment agencies, approved by Camardi, who must interview as well as attend an "onboarding process," but does not allege that Sahiti was actually hired.  Sahiti's FAC and Rule 26 disclosures make clear that his case is premised on documents allegedly in Defendants' and non-parties Parma Employment Agency's ("Parma") and Sprint Spectrum, L.P.'s  (T-Mobile) ("Sprint") possession.

 Sahiti's opposition (ECF 66-3) is based entirely on a conclusory declaration, without any evidentiary back-up, that contradicts the FAC and evidence.  Specifically, Sahiti claims that although he was referred to Ulivo by Parma for an interview, that he was excused from Ulivo's onboarding process and hired directly by Calabrese without Camardi's approval.  Sahiti's case rests entirely on one document: a Parma record that reads "8/31/17 Ulivo."

Parma's owner, Liliana Rosaspina ("Rosaspina"), unequivocally testified at her deposition that the lone document Sahiti relies on provides that Sahiti was referred to Ulivo for an interview

only.  Rosaspina went on to testify that Parma – a licensed employment agency required to keep records of successful referrals – could not offer employment and lacked any documentation to substantiate that Sahiti was employed at Ulivo.  Further, Rosaspina testified that Sahiti never claimed he was hired or complained that he was not paid by Ulivo.  Instead, Sahiti was referred to a different job a mere five days later by Parma.  Rosaspina never spoke to Camardi about Sahiti.

Ulivo hires bussers referred by employment agencies, including Parma.  Ulivo requires applicants to first observe operations, interview and provide proof of legal authorization to work in the United States, execute tax and other documents, receive an employee identification number, enroll in a payroll system administered by non-party Paychex Inc ("Paychex"), train and receive a shift assignment before commencing work.   Ulivo's time-stamped Paychex payroll records show that Sahiti was not employed at Ulivo on August 31, 2017 (or any other date).  Additionally, Defendants produced exemplar documents, including standard New York Department of Labor wage disclosure forms issued to employees and employee profiles, to show that Sahiti's story is a fabrication.  Specifically, an employee cannot start working at Ulivo without "onboarding".  Defendants searched their electronic and physical records and possess no records involving Sahiti.

In response, Sahiti admits that he was not approved by Camardi, not enrolled in Paychex, did not participate in Ulivo's required onboarding process and possesses no records to establish his alleged employment.  Instead, Sahiti relies exclusively on the records of Parma (despite Rosaspina's testimony) and now falsely asserts that Calabrese – who is not authorized to hire employees – waived Ulivo's hiring formalities and refused to pay him.

Moreover, despite the fact that Sahiti's FAC alleges he worked a full shift from 4:30 – 11:30 pm, he now alleges that he simultaneously underwent training by an employee named "Eddy."  However, despite the fact that Eddy Larias is the only "Eddy" to be employed by Ulivo

(contact information, as well as that of other employees, was provided in discovery), Sahiti made no effort to obtain Mr. Larias' (or any other witness) testimony.

Additionally, Sahiti claims to have called Ulivo to request wages after August 31, 2017 and was informed by Calabrese that it was "company policy" not to pay for the first day.  Sahiti has no records and Sprint responded to a belated 2020 subpoena that no records exist.  Tellingly, Sahiti did not seek Ulivo's phone records.  Sahiti filed an action against Ulivo in New York City Civil Court in 2017 known as *Sahiti v. Tarentum, Ltd. d/b/a Ulivo,* (Index No. 23373/17) ("Civil Court Action") (crediting Calabrese's testimony and dismissing after a Traverse Hearing).  Sahiti's failure to seek to preserve critical records for more than two and a half years is inexcusable.

 Finally, Sahiti alleges in the FAC that he is a "citizen" of New York but refused to provide proof or testimony to this effect in discovery, even after the Court denied his frivolous motion for a preliminary injunction, calling his own allegation "irrelevant" despite Second Circuit precedent to the contrary.  Sahiti is therefore estopped from establishing this necessary fact.

Rather than litigate the merits, Sahiti resorted to threatening class and collective action claims when he could not force a settlement; filed an unsuccessful request for a temporary restraining order preventing inquiry into his citizenship status; improperly fielded a rejected Rule 68 Offer of Judgment as "proof" of Defendants' misconduct; failed to produce a single document in discovery and sought to prejudice Defendants by serving purported "amended" Rule 26 initial disclosures the day that discovery closed.  In sum, other than a self-serving declaration, there is no evidence that Sahiti was ever present at Ulivo let alone an employee.  Sahiti cannot establish, as is his burden, that he was an "employee" and summary judgment dismissing the FAC is warranted.

**FACTS**

The facts are derived from the parties' Local Rule 56.1 Statements (ECF 66-2, 66-3). The evidence relied on by Defendants is annexed to the July 10, 2020 Declaration of Samuel A. Blaustein ("Blaustein Dec.) (ECF 66-1 and refiled herewith) and the September 1, 2020 Supplemental Declaration of Samuel A. Blaustein ("Blaustein Supp. Dec."). Plaintiff relies exclusively on his own declaration dated July 31, 2020 annexed to Plaintiff's Responsive Local Rule 56.1 Statement in opposition to Defendants' motion. (ECF 66-3) ("Sahiti Dec."). The Sahiti Dec. is less than two pages and does not attach or purport to rely on any record evidence. (ECF 66-3).

A. **Sahiti Was Never Hired Nor Employed By Ulivo And Was Instead, At Most, Referred By Non-Party Parma Employment Agency For An Interview**

a. **Sahiti's FAC Does Not Allege That He Was Interviewed, Trained, Hired Or Otherwise An Employee Of Ulivo**

Ulivo is an Italian restaurant in Manhattan. (SUMF ¶ 1, PRS ¶ 1).[1] Camardi is the founder and sole owner of Ulivo. (SUMF ¶ 2, PRS ¶ 2). Calabrese is the general manager of Ulivo. (SUMF ¶ 5, PRS ¶ 5, FAC ¶ 71). Sahiti's FAC alleges that he is a "citizen of New York" (FAC ¶ 10), that Camardi was responsible for hiring all of Ulivo's employees, including those referred by employment agencies, all of whom Camardi met with (FAC ¶¶ 61-63, 66-67), that Ulivo requires employees to "attend an onboarding process" (FAC ¶ 64), that Calabrese managed Ulivo including supervising staff as well as setting their schedules (FAC ¶¶ 71-76) and that "[o]n August 31, 2017 Defendants suffered or permitted Plaintiff Sahiti to work from 4:30 p.m. to 11:30 p.m. as a busser. . ." (FAC ¶ 14).

---

[1] References to "SUMF" are to Defendants' Statement of Undisputed Material Fact and references to "PRS" are to Plaintiff's Responsive Statement. All of the facts set forth herein were true on August 31, 2017 and remain true at present.

4

The FAC claims that Sahiti was not paid for any of the hours he actually worked.  (FAC ¶ 78).  Sahiti claims he called Ulivo after August 31, 2017 to request wages and was informed by Calabrese that Ulivo did not pay for the first day of work "as a matter of company policy" and that the failure to pay him was therefore willful.  (FAC ¶¶ 3, 16-18).  The FAC does not include any allegations concerning an interview, training, hiring by (or even meeting with) Camardi, execution of required documents, enrollment in Paychex by Sahiti or assignment of a shift by Calabrese. (ECF 15).  The FAC includes a single exhibit, a copy of Ulivo's menu.  (ECF 15-1).

  **b. Parma's Rosaspina Is Subpoenaed By Plaintiff And Defendant And She Testifies Against Sahiti, Specifically That Parma's Documentation Shows That Sahiti Was Referred For An Interview Only, That There Is No Proof That Sahiti Was Hired And That Instead Sahiti Was Referred To Another Employer Five Days Later**

Ulivo hires bussers referred to it by employment agencies, including Parma, for interviews. (SUMF ¶¶ 4, 12, PRS ¶ 4).  Sahiti relies exclusively on self-serving testimony that he was referred to Ulivo by Parma to support his claim of employment at Ulivo.  (Sahiti Dec. ¶¶ 4-5).  Parma produced a single document including a handwritten notation "8/31/17 Ulivo" which Rosaspina testified showed that she referred Sahiti for an interview but which Sahiti claims proves his employment at Ulivo.  (Ex. 1 to Rosaspina Depo., PARMA00001-PARMA00005; Blaustein Dec. Ex. D; SUMF ¶¶ 14-15, PRS ¶¶ 14-15).  Specifically, Rosaspina testified that "[w]hen I send people they are going to interview. . .So whatever the restaurant says at that point, I'm not a party to.  (Rosaspina Depo. 11:19-23).  Rosaspina testified that she would have given Sahiti a "yellow card" to present at Ulivo to introduce himself but Sahiti does not claim that he received or presented the card.  (Compare Sahiti Dec. to Rosaspina Depo. 11:9-14, 14:10-17).

Parma is owned by Rosaspina, who testified on its behalf, and licensed as an employment agency in the City of New York.  (SUMF ¶¶ 10-11, PRS ¶¶ 10-11, TARENTUM000040-

TARENTUM000042).[2]  Parma is not an employer and does not have authority to hire employees on behalf of Ulivo; instead, Parma only provides Ulivo applicants to interview for employment. (SUMF ¶ 12, PRS ¶ 12).  Parma is paid by applicants, not by employers. (SUMF ¶ 13, PRS ¶ 13). Parma did not inquire about Sahiti's immigration status before allegedly referring him to Ulivo. (SUMF ¶ 14, PRS ¶ 14).

Parma's business records and Rosaspina's testimony indicate that Sahiti was referred to Ulivo "to interview with the manager for a position."  (SUMF ¶ 15, Rosaspina Tr. 15:13 - 17:10 and Ex. 1 PARMA00001-PARMA00005).  However, Parma possesses no records or information confirming that Sahiti actually interviewed or was hired by Ulivo, nor did Parma receive payment as a result of the alleged referral.  (SUMF ¶¶ 16-17).  Instead, Parma referred Sahiti to a different employer five days after he was allegedly employed at Ulivo.  (SUMF ¶ 18, PRS ¶ 18).   Finally, Rosaspina testified that she never spoke to Camardi about Sahiti.  (SUMF ¶ 28, PRS ¶ 28).

### c. Ulivo Employees Must Observe, Interview, Train, Sign Formal Documents, Be Assigned An Employee Identification Number, Be Registered In Paychex, Assigned A Shift And Clock-In Before Commencing Employment

The hiring of employees at Ulivo, including those referred by agencies, must be approved by Camardi.  (SUMF ¶ 3, PRS ¶ 3, Camardi Interrogatory Response ¶ 3, FAC ¶¶ 61-63).[3]  Sahiti's FAC clearly alleges that Ulivo employees must complete an "onboarding process."  (FAC ¶ 64). The FAC also alleges that all employment decisions were made by and that all employment records are maintained by Camardi.  (FAC ¶¶ 61-69).  The FAC alleges that Calabrese was Ulivo's general manager and in charge of setting shifts and otherwise supervising employees but does not allege

---

[2] Relevant Bates Numbered documents produced by Defendants with are included as Exhibit H to the Blaustein Dec..

[3] Sahiti now purports to deny this fact as claimed in the FAC and instead asserts that Calabrese hires bussers for Ulivo but quotes deposition transcript from Calabrese clearly indicating that all hiring decisions must be made with the permission of Camardi.  (PSF ¶ 3).

that Calabrese could hire employees or that she maintained Ulivo's employment records.  (FAC ¶¶ 71-77).

Discovery established that all potential Ulivo employees must go through an extensive "onboarding process" including observation, interview (including confirmation of legal status), execution of tax forms and other documents, assignment of an employee identification number, enrollment in Paychex (which requires proof of legal status for tax purposes), paid training and receipt of a shift assignment before commencing work.  (FAC ¶ 64, SUMF ¶¶ 19-25).  Sahiti does not deny that the foregoing policy exists but instead conclusively states that an exception was made in his case from complying with the onboarding process by Calabrese.  (PRS ¶¶ 20-21, 23-25).  Sahiti does not challenge the fact that he was not authorized to work in the United States on August 31, 2017 and instead argues that the fact is irrelevant.  (PRS ¶¶ 14, 22).

All potential Ulivo bussers must visually observe Ulivo's operations before proceeding to an interview and formal training. (SUMF ¶ 20).  Following observation, an applicant would be interviewed by either Camardi or Calabrese.  (SUMF ¶¶ 21, 23).  During the interview process applicants for busser positions are required to provide proof of their legal status to work in the United States – a prerequisite to the issuance of a paycheck by Paychex.  (SUMF ¶ 21).  A successful applicant will receive necessary documents (i.e. New York Department of Labor notices) and must complete written forms, including necessary tax forms, before they proceed to paid training.  (SUMF ¶¶ 24-25).  By way of example, Defendants produced an exemplar Pay Notice for the Hospitality Industry for an Ulivo employee using the forms issued by the New York Department of Labor (TARENTUM000172-TARENTUM000173) as well as Eddy Larias' employee profile clearly indicating that his Social Security information was procured and that pay records are maintained electronically.  (TARENTUM000181).

During the course of discovery, Defendants conducted searches of their electronic and physical files and discovered no evidence of Sahiti being interviewed, trained or hired to work at Ulivo.   (SUMF ¶ 27, PRS ¶ 27, Camardi Interrogatory Response ¶ 2).   Instead, Defendants provided time-stamped payroll records from Paychex for the week of August 28, 2017 – September 3, 2017 showing that Sahiti was not enrolled in Ulivo's system and was therefore not hired as an employee of Ulivo.  (SUMF ¶¶ 26-27, PRS ¶¶ 26-27, TARENTUM000001-TARENTUM000006). Ulivo policy requires that employees must clock-in before starting a shift and clock-out when the shift is completed.  (SUMF ¶ 6, PRS ¶ 6).   Therefore, it would be impossible for an applicant to simply show up at Ulivo and work a shift without being formally hired.  (SUMF ¶ 19).  Of note, Sahiti's public LinkedIn profile makes no mention of Ulivo.  (TARENTUM000038).

**B. Neither Sahiti Nor The Third Parties Identified By Sahiti Possess Any Records Indicating That He Was Ever Employed By Ulivo, That He Ever Contacted Ulivo To Request Payment Or That He Ever Attempted To Seek Testimony From Alleged Corroborating Witnesses**

Sahiti admitted for the first time on June 10, 2020 – the close of discovery (ECF 52) – that he possesses no documents of his own to support his allegations and relies entirely on Defendants, Parma and Sprint to prove his case.  (*See* Sahiti Response to Interrogatory No. 3, Blaustein Dec. Ex. F).  Sahiti now claims without specifics that Rosaspina instructed Sahiti to report to Ulivo on August 31, 2017; that Sahiti met with Calabrese who told Sahiti to go with "Eddy" to learn how to be a busser; and that Sahiti immediately began work as a busser and met with Calabrese who did not have Sahiti complete any of the onboarding process.  (Sahiti Dec. ¶¶ 5-11, 14).

In light of the discovery discussed above, Sahiti does not deny that Ulivo has an onboarding process; that Ulivo uses Paychex and that Ulivo's records do not show that Sahiti was employed at Ulivo on August 31, 2017 but instead argues that he was not required to comply with these protocols by Calabrese.  (PRS ¶¶ 19-26, Sahiti Dec. ¶ 11).  However, even the FAC claims that

Calabrese lacks authority to hire employees for Ulivo, which may only be authorized by Camardi. (FAC ¶ 61, SUMF ¶ 3 and Civil Court Action Order dated March 11, 2019 at TARENTUM000151).[4]  As explained above, Parma's Rosaspina testified that Parma's records do not show that Sahiti was employed at Ulivo and Defendants' records show that Sahiti never went through the mandated onboarding process or even met or spoke to Camardi.  (PRS ¶¶ 19-21).

During the course of discovery, following his receipt of Ulivo's redacted payroll records, Sahiti requested and was provided contact information for an alleged witness named "Eddy" who Defendants confirmed to be Eddy Larias, yet Sahiti made no effort to obtain testimony from him. (TARENTUM000181).  Sahiti also served purported Amended Rule 26 Disclosures on June 10, 2020 – that last day of discovery – indicating that an individual named "Cheky" and Valentina Veleva had discoverable information yet Sahiti made no effort to obtain their testimony. (Blaustein Dec. Exs. F-G, ECF 52).

Sahiti claims he called Ulivo after August 31, 2017 to request Wages and that Calabrese refused on the grounds that it was company policy not to pay for the first day of work. (Sahiti Dec. ¶ 12-13).  However, Plaintiff did not preserve any records of his alleged calls despite initiating the Civil Court Action in 2017 and representing that those claims "were incorporated into this litigation." (SUMF ¶ 30, PRS ¶ 30, TARENTUM000150-TARENTUM000151).  Instead, Sahiti waited until May 15, 2020 to issue a subpoena to his cellphone provider, Sprint (now T-Mobile), which did not produce any records prior to the close of discovery.  (SUMF ¶ 29, PRS ¶ 29,

---

[4] The Hon. Judy Kim found Calabrese's testimony to be credible at a Traverse Hearing in the Civil Court Action and determined that Calabrese was not authorized by Camardi to accept service of process.  Sahiti neither alleges nor has he produced any evidence to show that Calabrese could hire employees with or without going through the onboarding process.

Blaustein Dec. Ex. I).  Following the close of discovery, Sprint confirmed that it had no records of Sahiti calling Ulivo.  (Blaustein Supp. Dec. Ex. A).

### C.  Procedural History

Sahiti commenced the Civil Court Action prior to commencing this action.  (SUMF ¶ 30, PRS ¶ 30).  This case was filed on August 8, 2019 and based on an assertion that Parma's business records proved that Sahiti was an employee of Ulivo on August 31, 2017.  (ECF 4, 5, 5-2). Specifically, the Complaint alleged that Parma's records obtained by Sahiti contradicted Camardi's testimony in the Civil Court Action and that Sahiti "believes that the custodian of business records of Parma" would affirm the allegation that Parma referred Sahiti to Ulivo. (Cplt. ¶¶ 11-13 and Ex. 2, ECF 5, 5-2).  The Court granted leave for Defendants to file a motion to dismiss (ECF 11) and, following the filing of a motion (ECF 12), Sahiti filed the FAC on November 13, 2019, which removed certain allegations about Parma (ECF 15).

Shortly thereafter, on December 23, 2019, Sahiti moved to amend to add retaliation claims (based on the motion to dismiss) as well as class and collective action claims.  (ECF 25).  By Order dated January 14, 2020, the Court denied Sahiti's motion to amend and directed that the Defendants respond to the FAC.  (ECF 34).  Sahiti subsequently requested that Magistrate Judge Fox grant an expedited briefing schedule on his motion to amend and that request was denied in a March 4, 2020 Order as "an untimely and misdirected request for reconsideration" of the Court's January 14, 2020 Order.  (ECF 42).  Later, on March 4, 2020, Sahiti requested that the Court re-consider his motion to amend (ECF 43) and, on March 8, 2020, Magistrate Judge Fox again denied the motion for failure to comply with Local Rule 6.1 (ECF 47).

On January 14, 2020, Sahiti sought a temporary restraining order against "Defendants from Seeking Information Relating to Plaintiff's Immigration Status" without complying with the

Court's Rules.  (ECF 31).  The application was based on a declined Rule 68 Offer of Judgment that Sahiti improperly filed.  (ECF 31-1).  Sahiti's motion for a TRO was immediately denied by Order dated January 14, 2020.  (ECF 32).

Discovery proceeded in the ordinary course without Sahiti ever seeking any other form of relief from the Court prior to the discovery closing on June 10, 2020 pursuant to Magistrate Judge Fox's March 24, 2020 Order.  (ECF 52).  Instead, Sahiti did not serve his Amended Rule 26 Initial Disclosures and responses to Defendants' discovery requests until June 10, 2020 – the last day of discovery – in which he conceded that he possessed no documents to substantiate his allegations of employment other than what Parma provided.  (Blaustein Dec. Ex. F).

## ARGUMENT

### A.  Applicable Legal Standard On Summary Judgment

"Rule 56 of the Federal Rules of Civil Procedure provides that a court shall grant a motion for summary judgment if it determines that 'there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'" *Preacely v. AAA Typing & Resume, Inc.,* No. 12 CIV. 1361 AT RLE, 2015 WL 1266852, at *5 (S.D.N.Y. Mar. 18, 2015) *quoting* Fed.R.Civ.P. 56(c)(2) and *citing Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

"A factual dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"  *S.E.C. v. Obus*, 693 F.3d 276, 284 (2d Cir. 2012) *quoting Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  The Court may award partial summary judgment in an appropriate case.  Fed. R. Civ. P. 56(g); *CapLOC, LLC v. McCord*, No. 17 CIV. 5788 (AT), 2020 WL 1036044, at *21 (S.D.N.Y. Mar. 3, 2020).

"Once a movant has demonstrated that no material facts are in dispute, the non-movant must set forth specific facts indicating a genuine issue for trial exists in order to avoid the granting of summary judgment." *Cifarelli v. Vill. of Babylon*, 93 F.3d 47, 51 (2d Cir. 1996) (internal citation omitted).  However, "mere conclusory allegations, speculation or conjecture will not avail a party resisting summary judgment." *Cifarelli*, 93 F.3d at 51.  Instead, "[i]t is appropriate for a district court ruling on summary judgment to consider only admissible evidence." *Nora Beverages, Inc. v. Perrier Grp. of Am., Inc.*, 269 F.3d 114, 123 (2d Cir. 2001).  Admissible evidence may include "affidavits, deposition transcripts, or other documentation." *Lemme v. Nat'l Broad.* Co., 472 F. Supp. 2d 433, 439 (E.D.N.Y. 2007).  In this regard, a party "cannot rely on inadmissible hearsay in opposing a motion for summary judgment." *Chansamone v. IBEW Local 97*, 523 Fed.Appx. 820, 823 (2d Cir. 2013) *quoting Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.*, 769 F.2d 919, 924 (2d Cir. 1985)).

Importantly, it is "hornbook law that 'a self-serving affidavit that merely reiterates conclusory allegations in affidavit form is insufficient to preclude summary judgment.'" *Wojcik v. Brandiss*, 973 F. Supp. 2d 195, 213 (E.D.N.Y. 2013) *quoting United Magazine Co. v. Murdoch Magazines Distrib.,* 393 F.Supp.2d 199, 211 (S.D.N.Y.2005).  As explained by the Second Circuit, "[f]actual issues created solely by an affidavit crafted to oppose a summary judgment motion are not 'genuine' issues for trial." *Hayes v. New York City Dep't of Corr.,* 84 F.3d 614, 619 (2d Cir.1996).  Further, a responsive Local Rule 56.1 Statement cannot simply contradict the allegations of the complaint and must reference specific admissible evidence to raise a triable issue of fact. *Garnica v. Edwards*, 72 F. Supp. 3d 411, 416 (S.D.N.Y. 2014) ("Pursuant to Local Civil Rule 56.1(d), bald denials cannot raise a genuine issue of material fact, and Plaintiff must accompany each denial with a citation to admissible evidence")

12

**B.  Sahiti Was Never An Employee Of Tarentum And Dismissal Is Warranted**

      **i.    Sahiti Failed to Meet His Burden Of Demonstrating That He Was An "Employee" Under The FLSA Or NYLL**

Sahiti's entire case rests on a blatantly false and legally impossible allegation that Parma's records show he was employed at Ulivo.  The FLSA provides that "the term 'employee' means any individual employed by an employer."  29 U.S.C.A. § 203(e)(1).  The existence of an "employment relationship" is the "most important question" in a FLSA case and the burden of proof rests with Plaintiff Sahiti.  *Glatt v. Fox Searchlight Pictures, Inc.*, 811 F.3d 528, 539 (2d Cir. 2016).  Whether Sahiti is an "employee" under the FLSA "is a matter of law" which the Court can rule on at summary judgment based on the "totality of the circumstances to rule for one side or the other. . ." *Wang v. Hearst Corp.*, 877 F.3d 69, 76 (2d Cir. 2017) *citing id.*[5]

The Court may appropriately make a finding that a plaintiff is not an employee based upon the parties' submissions on summary judgment.  *Vasto v. Credico (USA) LLC*, No. 15 CIV. 9298 (PAE), 2017 WL 4877424, at *7 (S.D.N.Y. Oct. 27, 2017), *aff'd,* 767 F. App'x 54 (2d Cir. 2019) (collecting cases and finding no joint employer status existed); *Martin v. Sprint United Mgmt. Co.*, 273 F. Supp. 3d 404, 422 (S.D.N.Y. 2017) (collecting cases).  While the FLSA's definition of an "employee" may be a "tautology" (*see Wang, supra*), it is clear that Parma is not an employer and Sahiti cannot demonstrate an employment relationship independent of Parma.

---

[5] The NYLL and FLSA both apply only to an "employee."  While no appellate court has ruled as to whether the test is the same under federal and state law, they are at least "substantially similar" with the FLSA test focusing on the "economic reality" and the NYLL test focusing on the "degree of control."  *Castro v. AABC Constr., Inc.,* No. 17-CV-1205 (VSB), 2020 WL 1809289, at *3 (S.D.N.Y. Apr. 9, 2020).  Sahiti fails both as he was never hired.

ii.     **Parma Is An Employment Agency And Sahiti Cannot Establish Employment Status Based On Parma's Records And Rosaspina's Testimony**

Sahiti does not dispute that Parma is a New York employment agency and therefore subject to the licensure requirements of Article 11 of the New York General Business Law.  N.Y. Gen. Bus. Law § 170 *et. seq.*  However, despite strict record keeping requirements, Sahiti continues to assert that Parma's records show he was employed at Ulivo even though Rosaspina testified to the exact opposite.  Sahiti's position is without merit and a legal impossibility.

Employment agencies in New York State must be licensed by the New York State Department of Labor or, if the agency operates in the City of New York, like Parma, by the DCA.  N.Y. Gen. Bus. Law §§ 172-173; *Rhodes v. Herz*, 84 A.D.3d 1, 5, 920 N.Y.S.2d 11, 14 (1st Dept. 2011).  An employment agency is not an employer and instead refers potential employees to employers.  N.Y. Gen. Bus. Law § 185(1); *Arrow Employment Agency Inc. v. Tom Rice Buick-Pontiac-GMC Truck Inc.*, 185 Misc. 2d 811, 812, 714 N.Y.S.2d 408, 409 (App. Term 2d Dept. 2000).

The General Business Law imposes strict record keeping requirements on employment agencies including records of actual hiring.  N.Y. Gen. Bus. Law § 179; *Roslyn Employment Agency, Inc. v. Ryan*, 234 N.Y.S.2d 79, 82 (Sup. Ct. Nassau Co. 1962).  A licensed employment agency may only collect a fee if an applicant is successfully referred to an employer.  N.Y. Gen. Bus. Law § 185(1).[6]  A fee may be collected from the employee based upon the schedules set forth in Section 185 or based upon an agreement with the employer.  *Robert Half of New York v. Levine-Baratto Assocs., Inc.*, 126 Misc. 2d 169, 170, 481 N.Y.S.2d 597, 599 (Civ. Ct. N.Y. Co 1984);

---

[6] "An employment agency shall not charge or accept a fee or other consideration unless in accordance with the terms of a written contract with a job applicant and after such agency has been responsible for referring such job applicant to an employer or such employer to a job applicant and where as a result thereof such job applicant has been employed by such employer. . ."

*Kenneth Mitchell & Co. v. Aetna Life & Cas.,* No. 88 CIV. 7457 (CMM), 1989 WL 74822, at *2 (S.D.N.Y. June 27, 1989).  Records of all deposits, fees, contracts and so on must be provided by the employment agency to the applicant.

The only document relied on by Sahiti is the Parma record on which Rosaspina wrote "8/31/17 Ulivo" and Rosaspina testified that the document was nothing more than a referral for an interview.  Parma has no records, legally required or otherwise, showing that Sahiti was employed at Ulivo and Rosaspina received no complaint from Sahiti who she referred to a different job five days later.  Therefore, Parma cannot be used to substantiate employee status by Sahiti.

### iii.   Sahiti Inexplicably Failed To Seek Testimony From Alleged Witnesses Or Preserve Critical Cell Phone Data

Sahiti claims eyewitnesses, including Eddy Larias, exist but inexplicably failed to seek their testimony by subpoena or otherwise.  Further, Sahiti claims that phone records would substantiate his alleged call to Ulivo to request payment yet Sahiti waited more than two and half years to subpoena Sprint from the time he started the Civil Court Action.  These facts must all be resolved against Sahiti: there were no eyewitnesses and there was no phone call.

A party opposing summary judgment cannot ask the Court to "presume" a missing fact is true in the absence of any evidence to support the contention; especially when the failure to provide the evidence is the fault of the non-movant. *United Magazine Co. v. Murdoch Magazines Distribution, Inc.*, 393 F. Supp. 2d 199, 211 (S.D.N.Y. 2005), *aff'd sub nom.*  279 F. App'x 14 (2d Cir. 2008) *quoting Lujan v. Nat'l Wildlife Federation,* 497 U.S. 871, 888–90, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990) (conclusory statements not accepted where no citation to the discovery in the case was provided).  Sahiti was provided with all of Ulivo's relevant employees' contact information, made no effort to obtain their testimony, filed no discovery motion and did not seek an extension to try and obtain relevant testimony. *Clark v. Travelers Companies, Inc.,* No.

216CV02503ADSSIL, 2020 WL 473616, at *9 (E.D.N.Y. Jan. 29, 2020) ("As for the hypothetical neighbors conjured by the Plaintiff, he fails to provide corroborating testimony from these neighbors or any documentation illustrating the truthfulness of his description.  Courts routinely reject self-serving affidavits of this sort as bases for establishing a genuine dispute of material fact").  Sahiti's corroborating witness theory, "Eddy" or otherwise, must be disregarded.

Additionally, Sahiti cannot utilize a conclusory declaration as evidence of a phone call to request payment or to prove a fabricated policy by Ulivo, especially now that Sprint has confirmed no record exists.  *Paladino v. Potter*, No. 06-CV-5930JFBAKT, 2007 WL 4255247, at *5 (E.D.N.Y. Nov. 29, 2007), *aff'd*, 347 F. App'x 613 (2d Cir. 2009) ("plaintiff's sole conclusory statement that she left several messages at the USPS EEO office and did not receive a timely response is an insufficient basis to warrant equitable tolling. . . there is no evidence as to the dates or times of the alleged phone calls, such as messages he left or any record of the calls").  The absence of phone records highly prejudices Defendants who cannot challenge Sahiti's unsupported statement that is critical to his case, specifically the issue of willfulness.  *Sec. & Exch. Comm'n v. Fowler*, 440 F. Supp. 3d 284, 294 (S.D.N.Y. 2020) ("But the phone records introduced by the SEC did not show evidence of phone calls regarding  Mr.  Fowler's  customers'  trades—and  the  jury reasonably concluded that Mr. Fowler's sworn version of events at trial was false").  The call never happened and Sahiti's conclusory testimony must be disregarded.

### iv.   No Reasonable Jury Could Find that Sahiti Was Employed at Ulivo

Plaintiff has not established nor does any evidence exist showing that Sahiti was an employee of Ulivo on August 31, 2017 and, as set forth above, rely exclusively on the conclusory Sahiti Declaration to attempt to manufacture an issue of fact.  In response to Defendants' letter motion seeking leave to file this motion (ECF 66), Sahiti's counsel wrote "Sahiti states plainly that he worked on the day in question, was not paid, and when he asked to be paid, Defendants refused.

Such asserted facts in his declaration in themselves controvert Defendants' defense that he supposedly did not work on the date in question."  (ECF 68).  As set forth above, this is not the law and a conclusory declaration is not sufficient to withstand summary judgment.  Fed. R. Civ. P. 56(e).

Sahiti bears the burden of demonstrating that he was an employee and "[i]f the non-moving party has the burden of proof on a specific issue, the movant may satisfy its own initial burden by demonstrating the absence of evidence in support of an essential element of the non-moving party's claim."  *Satterfield v. United Parcel Serv., Inc.*, No. 00 CIV.7190 (MHD), 2003 WL 22251314, at *4 (S.D.N.Y. Sept. 30, 2003) *citing LaBounty v. Coughlin,* 137 F.3d 68, 73 (2d Cir.1998) (other citations omitted).  Sahiti, the non-movant must present sufficient evidence to permit reasonable jury to return verdict in his favor to support his contention that there exists a genuine dispute of material fact.  *Robbins v. Moore Med. Corp.*, 894 F. Supp. 661, 667 (S.D.N.Y. 1995).

However, Sahiti offers no evidence to substantiate his allegation and his Declaration, uncorroborated by any record evidence, is merely a conclusory recitation of his pleadings.  This is not sufficient under Fed. R. Civ. P. 56(e) and no reasonable jury could find that Sahiti was actually employed at Ulivo on any date and specifically not on August 31, 2017.  "Summary judgment should be granted to the moving party if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  But the non-moving party must do more than simply show that there is some metaphysical doubt as to the material facts" and "may not rely on conclusory allegations or unsubstantiated speculation."  *Green v. Humana At Home, Inc.*, 380 F. Supp. 3d 400, 410 (S.D.N.Y. 2019), *motion to certify appeal denied*, No. 16 CIV. 7586 (AJN), 2019 WL 3729390 (S.D.N.Y. Aug. 8, 2019) (internal citations and quotations omitted).  As explained in *Satterfield, "*mere allegations or denials" of the factual assertion are not enough to

create genuine issue of material fact.  2003 WL 22251314, at *5 *citing* Fed. R. Civ. P. 56(e) (case citations omitted).

Here, no records from Defendants, Sahiti, or Parma, nor the recollections of Calabrese, Camardi, or Rosaspina, show that Sahiti ever worked at Ulivo on August 31, 2017 or any other date.  Ulivo and Parma are legally required, and do in fact, create records of referrals, interviewees, trainees, and employees and no record was created to show that Sahiti worked at Ulivo.  Instead, the records that do exist, including Paychex payment records as well as Eddy Larias' and other Ulivo employees' records, show that employee records are kept and that Sahiti was not an employee.  Rosaspina's testimony that Parma merely referred Sahiti for an interview based on the lone document advanced by Sahiti eliminates any possible inference of employment and is unrebutted by Sahiti.

Plaintiff Sahiti could and should have preserved his cell phone records and could and should have sought corroborating witness testimony.  Sahiti did not nor did he seek relief from the Court to try and do so.  Accordingly, no reasonable jury could find that Sahiti was actually employed by Ulivo.  Therefore, no genuine issue of material fact concerning Sahiti's employment at Ulivo exists and summary judgment is warranted.

## C. In The Alternative, Partial Summary Judgment Is Warranted As To The Individual Defendants Because Neither Camardi Nor Calabrese Were Sahiti's Employer

Even if Sahiti could set forth a claim against Ulivo, and he cannot, dismissal is warranted as against the Individual Defendants Camardi and Calabrese.  Sahiti bears the burden of demonstrating that Camardi and Calabrese were his "employers" under both the FLSA and NYLL and he fails to do so by a wide margin. *Castro v. AABC Constr., Inc., supra*.

In the FLSA context, "courts look to whether the individual: (1) had the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of

employment; (3) determined the rate and method of payment; and (4) maintained employment records." *Winfield v. Babylon Beauty Sch. of Smithtown Inc.*, 89 F. Supp. 3d 556, 568 (E.D.N.Y. 2015) (internal citations and quotations omitted).  The showing must be made through admissible evidence; not conjecture.  *Salinas v. Starjem Rest. Corp.,* 123 F. Supp. 3d 442, 464 (S.D.N.Y. 2015) (CEO was not an "employer" in unpaid wage case and "authority" cannot be presumed). Nearly all of Sahiti's allegations concern Calabrese who the Hon. Judy Kim held was not authorized to accept service in the Civil Court Action.  The FAC does not allege that Calabrese had hiring authority and, even if it did, it has not been proven.  The FAC is devoid of any allegation that Camardi met Sahiti let alone that he should be held individually liable.  Camardi is the custodian of Ulivo's records and Ulivo possesses no records concerning Sahiti.  For these reasons and those set forth above, the FAC should at least be dismissed as to Camardi and Calabrese.

### D.  In The Additional Alternative, The Court Should Grant Defendants' Motion *In Limine*

#### i.    Legal Standard

"The purpose of an *in limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Hart v. RCI Hosp. Holdings, Inc.*, 90 F. Supp. 3d 250, 257 (S.D.N.Y. 2015) *quoting Highland Capital Mgmt., L.P. v. Schneider,* 551 F.Supp.2d 173, 176–77 (S.D.N.Y.2008).

ii.   **The Court Should Bar Any Testimony Or Evidence Sought To Be Introduced By Sahiti Concerning Sahiti's Alleged Call To Ulivo And Immigration Status**

1.   **The Court Should Preclude Sahiti From Testifying Or Submitting Any Evidence That He Called Tarentum After August 31, 2017 And Spoke To Calabrese**

Sahiti alleges that he called Ulivo shortly after August 31, 2017 and was told by Calabrese that Ulivo did not pay for the first day as a matter of "company policy."  However, as set forth above, there are no records to support or disprove this contention because neither Sahiti nor Sprint preserved Sahiti's call records.  Sahiti was represented in the Civil Court Action by his current counsel and was clearly on notice of his obligation to preserve ESI no later than the filing of that case in 2017.  *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 216 (S.D.N.Y. 2003).  The failure to preserve a cell phone is subject to sanctions under Fed. R. Civ. P. 37(e) as well as an appropriate limiting order in response to a motion *in limine*.  *Watkins v. New York City Transit Auth.,* No. 16 CIV. 4161 (LGS), 2018 WL 895624, at *10 (S.D.N.Y. Feb. 13, 2018).

Sahiti's failure to make any effort to preserve evidence concerning his alleged phone call for more than two years after starting the Civil Court Action is highly prejudicial to Defendants.  Sprint did not confirm that no records were available until after discovery closed; otherwise, Defendants would have sought relief before the summary judgment stage.  In any event, Sahiti should not be permitted to testify to any alleged phone call in the absence of any evidence.  Sahiti's allegations that Ulivo does not pay for the first day of work are similarly entitled to no weight and, to the extent the Court does not award summary judgment, a limiting or other appropriate order should be issued on this point.[7]

---

[7] Defendants note that Sahiti's counsel has levied the same baseless allegations in another dismissed action, claiming that refunds were not available as a matter of "company policy" despite the existence of a written policy to the contrary.  The Court appropriately disregarded that

### 2.   The Court Should Preclude Sahiti From Testifying Or Submitting Any Evidence Concerning Sahiti's Citizenship Or Legal Authority To Work In The United States

Sahiti alleges that he is a citizen of New York but moved for a TRO seeking to foreclose any inquiry into this allegation and that motion was swiftly denied.  (ECF 31, 32).  Defendants have shown that Parma did not seek this information and that Ulivo was not provided with information concerning Sahiti's authority to work in the United States as necessary to be hired an enrolled in Paychex.  Thus, Sahiti's immigration status is relevant not to show whether he is entitled to recover under the FLSA, but whether he became an employee of Ulivo.

A plaintiff need not establish their immigration status in order to recover under the FLSA and this is a sound public policy.  *Mrs. Bloom's Direct Inc. v. Saavedra,* No. 18-CV-8041 (OTW), 2019 WL 4733600, at *1 (S.D.N.Y. Sept. 27, 2019) *citing Madeira v. Affordable Hous. Found.*, 469 F.3d 219, 243 (2d Cir. 2006).  However, where immigration status is relevant and "potentially dispositive," the Court may properly consider it.  *Bermudez v. Karoline's Int'l Rest. Bakery Corp.,* No. CV 12-6245 LDW GRB, 2013 WL 6146083, at *1 (E.D.N.Y. Nov. 21, 2013) *citing Palma v. NLRB,* 723 F.3d 176 (2d Cir.2013) ("…inquiry into plaintiffs' immigration status is reasonably calculated to lead to the discovery of admissible evidence.  I further find that the potential chilling effect identified by plaintiffs' counsel—though a very real concern—is not sufficient to overcome defendants' right to obtain this information which is not only relevant, but potentially dispositive").

Sahiti alleged that he was a "citizen" and Defendants have shown that immigration status is necessary to be hired at Ulivo and to be registered into the Paychex system.  Therefore, the Court

---

allegation and granted dismissal on other grounds.  *Youngja Huh v. Suez Water Westchester Inc.,* No. 16 CIV. 3240 (PAE), 2017 WL 1857252, at *3 (S.D.N.Y. May 5, 2017)

21

should determine that Sahiti did not have legal status as of August 31, 2017 and Sahiti should be foreclosed from introducing any testimony or evidence concerning his immigration status.

**E.** **The Court Should Dismiss Sahiti's State Law Claims Or Decline To Exercise Supplemental Jurisdiction**

Sahiti was not an employee of Ulivo and all of his claims should be dismissed with prejudice  Sahiti's FLSA claim, the only claim over which the Court has federal question jurisdiction, is clearly subject to dismissal and, to the extent the Court does not dismiss the entire case with prejudice, the Court should dismiss the rest of the case. Federal district courts have supplemental jurisdiction over non-federal-law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).  However, a district court may, at its discretion,  "decline  to exercise supplemental jurisdiction over a  claim" under any of four circumstances: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c).  Point 3 applies here.

Generally, "when the federal claims are dismissed the 'state claims should be dismissed as well,' " *In re Merrill Lynch Ltd. P'ships Litig.*, 154 F.3d 56, 61 (2d Cir. 1998) *quoting United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)). Although the exercise of supplemental jurisdiction is discretionary, the ordinary case "will point toward declining jurisdiction over the remaining state-law claims." *Id.* (citation omitted).  There is no basis for the Court to retain jurisdiction over the NYLL claims in the unlikely event they are not dismissed.

## **CONCLUSION**

Based upon the foregoing, the Court should grant summary judgment dismissing the

Complaint along with any other relief deemed just, proper and equitable.

Dated: New York, New York
　　　　September 1, 2020

　　　　　　　　　　　　　　　　　　DUNNINGTON, BARTHOLOW & MILLER LLP
　　　　　　　　　　　　　　　　　　*Attorneys for Defendants Tarentum, Ltd. d/b/a*
　　　　　　　　　　　　　　　　　　*Ulivo, Fabio Camardi, and Manuela Calabrese*

　　　　　　　　　　　　　　　　　　By:　　/s/ *Samuel A. Blaustein*　　　　　　　
　　　　　　　　　　　　　　　　　　　　Samuel A. Blaustein
　　　　　　　　　　　　　　　　　　　　Akbar A. Khan
　　　　　　　　　　　　　　　　　　　　230 Park Avenue, Floor 21
　　　　　　　　　　　　　　　　　　　　New York, New York 10169
　　　　　　　　　　　　　　　　　　　　(212) 682-8811
　　　　　　　　　　　　　　　　　　　　SBlaustein@dunnington.com
　　　　　　　　　　　　　　　　　　　　AKhan@dunnington.com