```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
BLENDI SAHITI,

                              Plaintiff,

              -against-

TARENTUM, LTD, d/b/a Ulivo, FABIO
CAMARDI, and MANUELA
CALABRESE,

                              Defendants.
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __3/4/2022____
```

19 Civ. 7377 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiff, Blendi Sahiti, brings this action against Defendants Tarentum, LTD, Fabio Camardi, and Manuela Calabrese for minimum wage violations under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law (the "NYLL"), § 190 *et seq.*, and failure to provide wage statements and notices of pay under the NYLL. FAC, ECF No. 15. In an order dated July 22, 2021, the Court granted in part and denied in part Defendants' motion for summary judgment (the "Order"). Order, ECF No. 79. Defendants now move for partial reconsideration of the Order pursuant to Local Civil Rule 6.3. Defs. Mot., ECF No. 80. For the reasons stated below, Defendants' motion is DENIED.

## BACKGROUND[1]

Tarentum, LTD ("Tarentum"), a domestic corporation, owns Ulivo, an Italian restaurant in Manhattan.[2] 56.1 Stmt. ¶ 1, ECF No. 73. During the relevant time period, Fabio Camardi was the founder and president of Tarentum. *Id.* ¶ 2. Manuela Calabrese served as

---

[1] The Court assumes familiarity with the facts and procedural history of this action as set forth in the Order, and summarizes them briefly here. Order at 1–3. The following facts are drawn from the parties' pleadings and submissions, including the first amended complaint, the Rule 56.1 statement of undisputed facts, and Plaintiff's response. Disputed facts are so noted. Citations to a paragraph in the Rule 56.1 statement also includes Plaintiff's response.

[2] In accordance with the parties' submissions, and because Tarentum is doing business as Ulivo, the Court uses Tarentum and Ulivo interchangeably throughout this order.

Ulivo's general manger, *id.* ¶¶ 5–6, and among other responsibilities, handled the recruitment of employees for Ulivo, Calabrese Dep. Tr. at 46:19–20, ECF No. 71-3.  In 2017, Ulivo hired employees, including bussers, from non-party Parma Employment Agency ("Parma"), which is owned by Liliana Rosaspina.  56.1 Stmt. ¶¶ 4, 10.

The parties dispute every fact concerning Plaintiff's employment at Ulivo.  Plaintiff used Parma to find work on occasion, and states that in August 2017, Rosaspina instructed Plaintiff to report to Ulivo on August 31, 2017, because Ulivo needed a busser.  Sahiti Decl. ¶¶ 3–4, ECF No. 75-4.  At Ulivo, Plaintiff met Calabrese, who told Plaintiff to "go with" another employee named Eddy.  *Id.* ¶¶ 6–7.  Plaintiff worked from 4:30 p.m. to 11:30 p.m. that night, and at the end of his shift, was told by Calabrese she would call if they needed him to work again.  *Id.* ¶¶ 5, 9, 11.  Plaintiff alleges he called Ulivo and spoke with Calabrese a few days later, who told him Ulivo would not need his services moving forward, and would not pay him for his work on August 31, 2017, in accordance with company policy.  *Id.* ¶¶ 12–13.  Plaintiff claims that Ulivo failed to pay him or provide any wage statements or notices.  *Id.* ¶ 14.

Calabrese testified that she has no recollection of meeting Plaintiff; she also does not remember a phone call with Plaintiff regarding unpaid wages.  Calabrese Dep. Tr. at 64:7–25.  Ulivo's records do not show that Plaintiff worked on August 31, 2017.  ECF No. 71-1 at 4–9.

Rosaspina testified that she "sent" Plaintiff to interview at Ulivo on August 31, 2017.  Rosaspina Dep. Tr. at 11:7–20, ECF No. 71-4.  Although Parma does not have the authority to hire employees for Ulivo, applicants like Plaintiff pay Parma for its services generally after they have been hired at the restaurant.  Rosaspina Dep. Tr. at 19:9–10; 20:7–13.  Plaintiff paid Parma its fee for his time at Ulivo.  *Id.* at 19:11–20:13.

**DISCUSSION**

I.  Motion for Reconsideration

Motions for reconsideration are governed by Local Civil Rule 6.3. Rule 6.3 provides that a "notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion," and shall set forth "the matters or controlling decisions which counsel believes the Court has overlooked." A motion for reconsideration should be granted only when the movant identifies "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (citation omitted). Thus, "to be entitled to . . . reconsideration, the movant must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion." *Dietrich v. Bauer*, 198 F.R.D. 397, 399 (S.D.N.Y. 2001). The movant must also demonstrate that the controlling law or factual matters "might reasonably be expected to alter the [C]ourt's decision." *Montanile v. Nat'l Broad. Co.*, 216 F. Supp. 2d 341, 342 (S.D.N.Y. 2002).

"Rule 6.3 is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Dietrich*, 198 F.R.D. at 399. And motions for reconsideration are "committed to the sound discretion of the district court." *Immigrant Def. Project v. U.S. Immigr. and Customs Enf't*, No. 14 Civ. 6117, 2017 WL 2126839, at *1 (S.D.N.Y. May 16, 2017) (citation omitted).

## II. Analysis

### A. Summary Judgment

Defendants argue that the Court erred by concluding that there were genuine disputes of material fact as to whether there was an employer-employee relationship between Plaintiff and Tarentum, and denying summary judgment on this basis. Defs. Mem. at 2–5, ECF No. 81. Defendants argue that this holding is inconsistent with the Court's separate finding that Calabrese was not Plaintiff's employer for purposes of FLSA and NYLL liability, because Plaintiff's "case is based solely on an allegation that Calabrese hired him." *Id.* at 5.

An employee qualifies for FLSA protections if (1) in any workweek, the employee is "engaged in commerce or in the production of goods for commerce," 29 U.S.C. § 206(a) (individual coverage), or (2) the employee "is employed in an enterprise engaged in commerce or in the production of goods for commerce," otherwise known as enterprise coverage, *id.* § 207(a)(1). The NYLL's definition is the "same in substance." *Glatt* v. *Fox Searchlight Pictures, Inc.*, 811 F.3d 528, 534 (2d Cir. 2016). The Court found Tarentum was an "enterprise," and thus, Plaintiff could bring FLSA and NYLL claims against it under the theory of enterprise coverage. Order at 5–6.

The Court next considered whether Defendants could be considered employers, and accordingly, whether an employer-employee relationship existed between Plaintiff and Defendants. *Id.* at 6–9. "An entity 'employs' an individual under the FLSA [and New York law] if it 'suffer[s] or permit[s]' that individual to work." *Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 66 (2d Cir. 2003) (quoting 29 U.S.C. § 203(g)); *see also Glatt*, 811 F.3d at 534 (citation omitted) (noting the FLSA and NYLL definitions are treated as "the same in substance"). To determine whether an employee-employer relationship exists, the Court applied the four-factor test outlined by the Second Circuit in *Carter v. Dutchess Community College*, which examines

4

"whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." 735 F.2d 8, 12 (2d Cir. 1984) (citation omitted); *see also Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999).

As to Tarentum, the Court found that Defendants had failed to demonstrate that there were no genuine disputes of material fact as to whether an employer-employee relationship between Tarentum and Plaintiff existed for purposes of the FLSA and NYLL. Order at 8–9. Applying the *Carter* factors, the Court found evidence in the record that Tarentum "had the power to hire and fire employees, supervised and controlled employees' work schedules and conditions of employment, determined rates and method of pay, and maintained employment records." *Id.*. And, although Defendants argue that Tarentum never hired Plaintiff specifically, the Court found that Plaintiff's declaration was sufficient to create genuine disputes of material fact as to this assertion. *See id.* Specifically, Plaintiff stated that he was told by Rosaspina to report to Tarentum's restaurant, Ulivo, on August 31, 2017; that once there, he was met by Calabrese, Ulivo's general manager, who told him to "go with" another Ulivo employee; that the employee showed Plaintiff how to perform certain tasks; and that Plaintiff remained at Ulivo for several hours, performing those tasks, without receiving compensation. Sahiti Decl. ¶¶ 4, 6–9, 13.

The Court next assessed whether the individual defendants, Calabrese and Camardi, could be considered "employers" under the *Carter* factors, which would subject them to individual liability under the FLSA and the NYLL. Order at 9–11. The Court concluded that there was insufficient evidence to find that Calabrese was Plaintiff's employer, which precludes a finding of individual liability. *Id.* at 10–11. The Court based this determination on a finding that Calabrese, as Ulivo's general manager, lacked the authority independently to hire or fire

5

employees, control work schedules, or maintain employment records. *Id.* at 10.  The Court found that although, under Plaintiff's version of events, Tarentum and Camardi could be liable under the FLSA and NYLL based on the purported employer-employee relationship, Calabrese could not be deemed Plaintiff's employer, and liability did not attach to her separately. *Id.* at 10–11.  The Court, therefore, granted summary judgment as to Calabrese only. *Id.*

Defendants do not identify any changes in controlling law or overlooked facts militating reconsideration—at best, their arguments amount to an assertion that the Court committed "clear error" by finding that Tarentum, the entity, could be Plaintiff's employer, if Calabrese, Tarentum's employee, was not.  Defs. Mem. at 2–5.  But, the inquiry of whether an entity is an "employer"—and therefore liable—under the FLSA is a distinct and separate determination from whether its senior employees are "employers" in their own right, and thus subject to individual liability under the FLSA. *E.g.*, *Ansoumana v. Gristedes Operating Corp.*, 255 F. Supp. 2d 184, 189–94 (S.D.N.Y. 2003) (analyzing separately whether corporation and corporation executives were "employers" under the FLSA).  Thus, where an entity is an "employer" for FLSA purposes, the actions of its employees may support the existence of an employer-employee relationship between the entity and others, even where those employees lack the authority to be independently liable as "employers." *See, e.g.*, *Bedasie v. Mr. Z Towing, Inc.*, No. 13 Civ. 5453, 2017 WL 1135727, at *17–18 (E.D.N.Y. Mar. 24, 2017).

There is, accordingly, no clear error in the Court's holdings.  As the Court found, Plaintiff failed to set forth evidence establishing any material disputes of fact as to whether Calabrese had the authority to hire or fire employees, or set the terms of their employment.  Order at 10–11.  She cannot, therefore, be individually liable under the FLSA or the NYLL. *Id.*  But, taking Plaintiff's allegations as true, a reasonable factfinder could conclude that Tarentum "employed" Plaintiff—or at least "suffer[ed] or permit[ted]" him to work at Ulivo, *Zheng*, 355

F.3d at 66. Plaintiff went to Ulivo, a Tarentum restaurant, where he met with Calabrese, a Tarentum manager, and was told by her to "go with" another Tarentum employee. Sahiti Decl. ¶¶ 5–7. Following the instructions of a Tarentum manager and employee, Plaintiff performed tasks at Ulivo for several hours—for which Tarentum never paid him. *Id.* ¶¶ 5–10, 13. These allegations, if true, are sufficient to demonstrate that Tarentum was Plaintiff's employer for purposes of an FLSA or NYLL claim. *See* Order at 8–9. Defendants dispute this account—but it is for the jury to choose between two conflicting versions of events, not this Court on summary judgment. *Rule v. Brine, Inc.*, 85 F.3d 1002, 1011 (2d Cir. 1996). Accordingly, Defendants' motion for reconsideration on this basis is DENIED.

      B.      Parma's Records

Defendants next argue that the Court erred by crediting Plaintiff's allegations that Rosaspina directed Plaintiff to go to Ulivo on August 31, 2017. Defs. Mem. at 5–7. Defendants argue that Parma's records establish, "at most, [Plaintiff] was sent for an interview," to Ulivo, which is insufficient to demonstrate that Plaintiff was Tarentum's "employee" for FLSA purposes. *Id.*

Again, Defendants point to no change in controlling law, nor any overlooked facts—they merely disagree with (and misrepresent) the Court's conclusion. As stated, the Court found that Parma's records "at least support some aspects" of Plaintiff's version of events—including that because Parma directed him to go to Ulivo, Plaintiff at least had some basis for being at the restaurant on the evening in question. Order at 8. Contrary to Defendants' assertions, the Court did not hold that Parma's records are sufficient to demonstrate an employment relationship between Tarentum and Sahiti—only that, in conjunction with Plaintiff's affidavit, they demonstrate "more than . . . some metaphysical doubt" as to the facts at issue—making this a credibility dispute for the jury to resolve. *Id.* at 8–9 (citation omitted). Defendants point to no

7

clear error in the Court's ruling and accordingly, their motion for reconsideration on this basis is DENIED.

    C.    Motions *in Limine*

Defendants argue, in the alternative, that the Court should have granted their motions *in limine*, Defs. Mem. at 8–10. Defendants sought to preclude Plaintiff from testifying or submitting any evidence (1) concerning his call to Tarentum after August 31, 2017, and (2) relating to his immigration status. Defs. Summ. J. Mem. at 19–22, ECF No. 74. However, Defendants merely repeat arguments the Court considered—and rejected—in the Order. Order at 12. And reconsideration is not a "vehicle for relitigating . . . or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners LP*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted). As the Court made clear, Defendants' motions are "overbroad and premature," and accordingly, should not be considered by the Court at the summary judgment stage. *Id.* (citing *Leonel Cruz v. United Auto. Workers Union Loc. 2300*, No. 18 Civ. 48, 2019 WL 3239843, at *26 (S.D.N.Y. July 18, 2019); *Senior by Senior v. Eihab Hum. Servs., Inc.*, No. 15 Civ. 1009, 2019 WL 8128563, at *4 (E.D.N.Y. Oct. 10, 2019)). Again, Defendants point to no changes in controlling law, or any facts overlooked by the Court, that compel a contrary finding. Defendants' motion for reconsideration of the Court's determination on their motions *in limine* is, therefore, DENIED.

## CONCLUSION

For the foregoing reasons, Defendants' motion for reconsideration is DENIED. The Clerk of Court is directed to terminate the motion pending at ECF No. 80.

    SO ORDERED.

Dated: March 4, 2022
       New York, New York

_____
ANALISA TORRES
United States District Judge