Z A C H A R Y  J.  L I S Z K A,  E S Q.
33 NASSAU AVENUE, FL 2, BROOKLYN, NEW YORK
ZACH@EMPLOYEELAWYER.NYC|347-762-5131

July 13, 2022

**VIA ECF**
Hon. Analisa Torres, USDJ
United States District Court, Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, New York, NY 10007

      Re:    *Sahiti v. Tarentum, Ltd., et. al*, 19-CV-07377(AT)(JW)
              **Letter-Motion Seeking Approval of Settlement Agreement Pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 769 F.3d 199 (2d Cir. 2015)**

Your Honor,

      This law firm represents Plaintiff Blendi Sahiti in the above-captioned action brought under the Fair Labor Standards Act of 1938 ("FLSA") and related New York Labor Law ("NYLL"). Pursuant to C*heeks v. Freeport Pancake House, Inc.*, 769 F.3d 199 (2d Cir. 2015), the undersigned submits this letter-motion, along with annexed exhibits, seeking a determination that the terms of the Settlement Agreement are fair and reasonable.  As more fully stated below, the terms of the Settlement Agreement are fair and reasonable because they provide Plaintiff Sahiti 100 percent of the relief he could possibly obtain if he won at trial; the terms reached were the result of nearly 5 years of litigation followed by three mediation sessions before the Hon. Jennifer Willis; and, it provides for reasonable attorneys' fees and reimbursement of costs.

      As such, the undersigned asks that the Court (i) determine that the terms of the Settlement Agreement are fair and reasonable; (ii) issue an order approving the Settlement Agreement that recites each of the terms of the Settlement Agreement and retains jurisdiction to enforce it.

ARGUMENT

      **I.**    **Standard of Law on Motion to Approve Settlement Under FLSA**

      Because the parties seek to settle a claim brought under FLSA, the Court must determine that the terms of the settlement agreement as fair and reasonable pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 769 F.3d 199, 206 (2d Cir.  2015). "In determining whether a proposed settlement is fair and reasonable, a court considers the totality of circumstances, including but not limited to the following factors: (1) the

plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.,* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

### 1. The Plaintiff's Possible Recovery

Plaintiff will receive 100% of the recovery he could have obtained at trial under the terms of the Settlement Agreement, annexed hereto as Exhibit 1. *See* Exhibit 2, ¶¶ 20-1(Liszka Decl.) Thus, this factor weighs in favor of approving the terms of the Settlement Agreement as fair and reasonable.

### 2. The Ability to Avoid Anticipated Burdens And Expenses In Establishing The Claims And Defenses At Issue

If the Settlement Agreement is approved as fair and reasonable, both parties will avoid the burden and expenses of trial, post-trial motions, and potential appeals. Although Plaintiff has a strong case, the outcome of a trial can turn on unpredictable factors which may necessitate further motion practice and/or appeals from both sides. Thus, this factor weighs in favor of approving the terms of the Settlement Agreement as fair and reasonable.

### 3. The Seriousness Of The Litigation Risks Faced By The Parties

Both sides face serious risk if this litigation proceeds. The primary issue in this case is whether Plaintiff worked at Defendants' restaurant Ulivo or not. Defendants contend that they never heard of Plaintiff and have no record of employing him at Ulivo, and claim to have a practice of making such records. Plaintiff, on the other hand, contends that he worked for Defendants. Further, non-party witness Lilliana Rosaspina testified at deposition that she sent Plaintiff to work at Ulivo on the day in question and provided a contemporaneous business record to that effect. As such, the primary issue in this case turns mainly on the credibility of the parties' respective witnesses, presenting a serious risk to both sides. Thus, this factor weighs in favor of approving the terms of the Settlement Agreement as fair and reasonable.

### 4. Whether 'the Settlement Agreement Is The Product Of Arm's-

**Length Bargaining Between Experienced Counsel**

The Settlement Agreement is the product of a nearly 5-year litigation. This matter was originally brought in late 2017 in New York Civil Court. Exhibit 2, ¶ 17.  In Civil Court, Defendants moved to dismiss and opposed default judgment and a traverse hearing was held. *Id*. at ¶18.  In August 2019, the instant action was commenced. Defendants again moved to dismiss the action for lack of subject matter jurisdiction and on the basis of documentary evidence. The Defendants also moved for summary judgment and reconsideration. Thereafter, the parties agreed to a three-part mediation before the Hon. Jennifer Willis, where after they reached a settlement in principle.

Plaintiff's counsel has been litigating wage and hour cases as a solo practitioner since 2014, Exhibit 2, ¶4-15, and Defendants' counsel is a mid-sized law firm with offices in multiple countries.

Thus, this factor weighs in favor of approving the Settlement Agreement as fair and reasonable.

### 5. The Possibility Of Fraud Or Collusion

This litigation has been hard-fought on both sides. A review of the docket and the amount in the Settlement Agreement attributed to the Plaintiff demonstrates the lack of fraud or collusion between counsel. Thus, this factor weighs in favor of approving the Settlement Agreement as fair and reasonable.

### 6. The Attorneys Fees and Costs Are Reasonable

"Both this Court and the Supreme Court have held that the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a "presumptively reasonable fee." *Millea v. Metro–north R.R. Co.*, 658 F.3d 154, 166-67 (2d Cir. 2011). "While the lodestar is not always conclusive, its presumptive reasonability means that, absent extraordinary circumstances, failing to calculate it as a starting point is legal error. A detailed explanation of the lodestar calculation is unnecessary, but compliance with the Supreme Court's directive that fee award calculations be objective and reviewable, implies the district court should at least provide the number of hours and hourly rate it used to produce the lodestar figure." *Id*. Further, "[e]specially for claims where the financial recovery is likely to be

small, calculating attorneys' fees as a proportion of damages runs directly contrary to the purpose of fee-shifting statutes: assuring that civil rights claims of modest cash value can attract competent counsel. The whole purpose of fee-shifting statutes is to generate attorneys' fees that are disproportionate to the plaintiff's recovery." *Id* at 169 (2d Cir. 2011).

The undersigned asks that the Court approve an attorneys fees' award in the amount of $27,833.98, which represents about 50% of his lodestar of $66,694.50 as reasonable fees in this action. Exhibit 2, ¶¶23-27. The undersigned calculated the lodestar by multiplying an the undersigned's regularly charged hourly rate of $450 by 148.21 hours spent on this instant litigation. *Id.*

The hourly rate sought falls within the acceptable range in this district. *See, e.g., Xochimitl v. Pita Grill of Hell's Kitchen, Inc.,* 2016 WL 4704917, at *20 (S.D.N.Y. Sept. 8, 2016) (finding a range of $250 to $450 per hour reasonable; collecting cases). Further, courts in New York have approved as reasonable the undersigned's requested fees in other wage and hour matters, *see Malin v. Montauk Juice Factory*, Civ. No. 20-cv-1683(AMD) (PK) (E.D.N.Y. 2020)(approved requested rate of $450/hour in FLSA action as reasonable); *see Montalvo v. Flywheel Sports, Inc.*, Civ. No. 16-cv-06259 (PAE) (S.D.N.Y. 2018)(approved requested rate of $400/hour in FLSA action as reasonable).

The hours spent on this litigation are reasonable because of the Defendants' extensive motion practice in this case, *see Copeland v. Marshall*, 641 F.2d 880, 904 (D.C. Cir. 1980) ("The [defendant] cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response."); and because the undersigned has taken care to exclude hours spent on the prior litigation, unsuccessful motions, administrative tasks, and various other communications with opposing counsel and Plaintiff. Exhibit 2, ¶¶23-27.

Lastly, consideration ought to be given to the fact that Plaintiff Sahiti would not have recovered anything had the undersigned not taken on Plaintiff's case given the small amount in controversy. As stated in *Hensley v. Eckerhart*, 461 U.S. 424, 445 (1983):

> All of these civil rights laws depend heavily upon private enforcement, and fee awards have proved an essential remedy if private citizens are to have a meaningful opportunity to vindicate the important Congressional

policies which these laws contain. In many cases arising under our civil rights laws, the citizen who must sue to enforce the law has little or no money with which to hire a lawyer. If private citizens are to be able to assert their civil rights, and if those who violate the Nation's fundamental laws are not to proceed with impunity, then citizens must recover what it costs them to vindicate these rights in court.

Finally, the undersigned requests $1,679.25 as reimbursement for reasonable costs expended in this litigation for a court filing fee and court reporter fees. Exhibit 2, ¶¶28-30. The undersigned has taken care to exclude costs related to travel and printing. *Id.* at ¶29.

In sum, the undersigned asks that the Court approve the requested attorneys' fees and costs as reasonable.

## CONCLUSION

For the foregoing reasons, the undersigned asks that the Court (i) determine that the terms of the Settlement Agreement are fair and reasonable; (ii) issue an order approving the Settlement Agreement that recites each of the terms of the Settlement Agreement and retains jurisdiction to enforce it.

Respectfully submitted,

By: _____
Zachary J. Liszka, Esq.
*Counsel for Plaintiff*

5