# EXHIBIT 1

## SETTLEMENT AGREEMENT

This agreement ("Settlement Agreement") is between Blendi Sahiti ("Sahiti") on the one hand, and Tarentum, Ltd. d/b/a Ulivo, Fabio Camardi and Manuela Calabrese (collectively "the Tarentum Parties"), as well as the Tarentum Parties' owners, officers, directors, employees, subsidiaries, affiliates, agents, and assigns including without limitation, on the other hand.  Sahiti and the Tarentum Parties are each a "Party" and collectively the "Parties" to this Settlement Agreement.

**WHEREAS,** on August 7, 2019 Sahiti commenced an action captioned *Sahiti v. Tarentum, Ltd., et al.,* Case No.: 19-cv-07377 (AT) (JW) in the United States District Court for the Southern District of New York (the "Action");

**WHEREAS,** the Action alleged that the Tarentum Parties failed to pay minimum wages in violation of the Fair Labor Standards Act of 1938, as amended, and applicable wages due under the New York Labor Law, and as well as related state law claims.  The Action sought unpaid wages, liquidated damages, statutory damages, prejudgment interest, attorneys' fees and costs;

**WHEREAS,** the Tarentum Parties deny the claims alleged in the Action;

**WHEREAS,** the Parties agree that the utility of settling this dispute outweighs the benefit of a trial on the merits and agree to the entry of a judgment against the Tarentum Parties;

**WHEREAS,** the Parties participated in a three-session settlement conference before Magistrate Judge Jennifer Willis; and,

**WHEREAS,** the Parties reached an accord during the settlement conference with Magistrate Judge Willis and desire to finally settle any disputes between them;

**IT IS HEREBY AGREED AS FOLLOWS:**

1. **EFFECTIVE DATE**. The date this Settlement Agreement is effective ("Effective Date") shall be the date when, after it has been executed by the Parties, the District Court enters it as an Order that recites in full the terms of this Settlement Agreement and retains jurisdiction to enforce it.

2. **COURT APPROVAL OF THIS SETTLEMENT AGREEMENT.** Following the execution of this Settlement Agreement by all Parties, Sahiti shall move the District

Court to approve this Settlement Agreement pursuant to *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199 (2d Cir. 2015).

3.     **PAYMENT.** In consideration of the promises and agreements made herein, the Tarentum Parties agree to pay a total sum of $30,000.00 (Thirty Thousand United States Dollars and Zero Cents) ("Settlement Payment"), as follows:

   a. Within ten (10) days of the Effective Date of this Settlement Agreement, Tarentum, Ltd. shall issue one (1) bank wire, ACH transaction, or cashier's check in the amount of $486.77 (Four Hundred Eighty-Six United States Dollars and Seventy-Seven Cents) payable to Blendi Sahiti as alleged wages, statutory damages, and prejudgment interest, less applicable taxes and withholdings for the amount attributed to alleged wages;
   b. Within ten (10) days of the Effective Date of this Settlement Agreement, Tarentum, Ltd. shall issue one (1) bank wire, ACH transaction or cashier's check in the amount of $15,000.00 (Fifteen Thousand United States Dollars and Zero Cents) payable to Zachary J. Liszka as alleged attorneys' fees and costs;
   c. Within thirty (40) days of the Effective Date of this Settlement Agreement, the Tarentum Parties' shall issue one (1) bank wire, ACH transaction, or cashier's check in the amount of $14,513.23 (Fourteen Thousand, Five Hundred and Thirteen United States Dollars and Twenty-Three Cents) payable to Zachary J. Liszka as alleged attorneys' fees and costs; and
   d. To facilitate payment, the banking information for Blendi Sahiti and Zachary J. Liszka necessary to issue a bank wire/ACH transaction and executed IRS Form W-4/W-9s shall be provided by email to counsel for the Tarentum Parties on or before the Effective Date of this Settlement Agreement.

4.     **FILING OF CONFESSIONS OF JUDGMENT IN THE EVENT OF DEFAULT.** Within ten (10) days of the Effective Date of this Settlement Agreement, Tarentum, Ltd. d/b/a Ulivo and Fabio Camardi shall each execute a Confession of Judgment in the form annexed to this Settlement Agreement as Exhibit A, and copies of the executed Confessions of Judgment shall be emailed to Counsel for Sahiti, Zachary J. Liszka, Esq., at zach@employeelawyer.nyc, and Counsel for Sahiti shall hold the Confessions of Judgment in escrow.

In the event that any of the payments are not issued within the times set forth in Section 3 of this Settlement Agreement, Counsel for Sahiti shall notify counsel for the Tarentum Parties, Claudia G. Jaffe, Esq., of said default, by email to cjaffe@dunnington.com.

In the event the Tarentum Parties fail to cure the default within ten (10) days of receipt of the notice of default, Sahiti may file the executed Confessions of Judgment with the Court in this Action, and in addition to any other award, Sahiti and/or his counsel shall be entitled to costs and expenses, including costs and expenses of collection, and reasonable attorneys' fees incurred in enforcing the judgment.

5. **REASONABLE SATISFACTION OF CLAIMS.** The Parties agree that the Payment reflected in Section 3 is in satisfaction of any and all claims made or that could have been made by Sahiti under the FLSA, NYLL or any other theory. The Parties agree that Payment reflected in Section 3 is a fair and reasonable compromise of the claims made by Sahiti under the FLSA and NYLL.

6. **SETTLEMENT AS COMPROMISE.** This Settlement is entered into in the spirit of compromise to resolve disputed claims. Nothing in this Settlement shall be construed as an admission of liability.

7. **RELEASE**. Upon receipt of all payments required in Section 3 above, Sahiti shall release all claims alleged in the Action against Defendant Tarentum, Ltd. d/b/a Ulivo, Defendant Fabio Camardi and Defendant Manuela Calabrese (collectively "the Tarentum Parties"), as well as the Tarentum Parties owners, officers, directors, employees, subsidiaries, affiliates, agents, and assigns, and represent that no known claims other than those in the Complaint exist between the parties as of the Effective Date. Upon payment of all payments required under this Settlement Agreement and notice of same provided to Sahiti's counsel, counsel for Sahiti shall take all reasonable steps to discontinue the Action..

8. **AMENDMENT & WAIVER.** This Settlement Agreement may not be modified absent a Court Order.

_____
Blendi Sahiti                                      Date 07/07/2022

_____  Date _7-10-22_
Fabio Camardi, on his own behalf and in
his capacity as President of Tarentum,
Ltd. d/b/a Ulivo

_____  Date _7-10-22_
Manuela Calabrese

4

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLENDI SAHITI,<br><br>    Plaintiff,<br><br>v.<br><br>TARENTUM, LTD, d/b/a Ulivo, FABIO CAMARDI, and MANUELA CALABRESE,<br><br>    Defendants. | 19-CV-07377 (AT)(KNF) |

**CONFESSION OF JUDGMENT OF TARENTUM, LTD. D/B/A ULIVO**

STATE OF NEW YORK            )
                             )s.s.
COUNTY OF_____)

FABIO CAMARDI, in his capacity President of TARENTUM LTD. d/b/a Ulivo (herein the "Undersigned Entity"), being duly sworn, deposes and says:

1. I have authority to sign on behalf of the Undersigned Entity as the Owner, Officer, President, Director, Member and/or Authorized Shareholder, of the Undersigned Entity, or a duly designated and authorized representative of the Undersigned Entity.

2. The Undersigned Entity hereby confesses judgment, and authorizes entry of judgment against it in the sum of $30,000.00 (Thirty Thousand United States Dollars and Zero Cents) minus any payments already made pursuant to the terms of the Settlement Agreement in this action between Plaintiff Blendi Sahiti and Defendants Tartentum, Ltd., d/b/a Ulivo, Fabio Camardi and Manuela Calabrese (the "Tarentum Parties"), dated

_____, 2022, (the "Settlement Agreement"), together with interest from the date of the default of payment to the date of entry of judgment, computed as provided in 28 U.S.C. §1961; statutory costs pursuant to 28 U.S.C. §§ 1920, 1921, 1923, and 1924; and reasonable attorneys' fees and interest, computed as provided in 28 U.S.C. §1961, incurred in entering and enforcing the judgment.

3. This confession of judgment is for a debt justly due to Plaintiff and/or his counsel pursuant to the Settlement Agreement, resolving the above-caption matter, and the Undersigned Entity's default in making payments required under the Settlement Agreement. That is, on the \_\_\_\_ day of _____, 2022, the parties in the above-captioned lawsuit entered into the Settlement Agreement, approved by the Court, which required the Undersigned Entity to pay the sum of $30,000.00 (Thirty Thousand United States Dollars and Zero Cents) Thousand Dollars in accordance with the terms of the Settlement Agreement.

4. This confession of judgment is not for the purpose of securing the Plaintiff and/or his counsel in the above-captioned action against a contingent liability.

Dated:           _____, 2022

                                              _____
                                              FABIO CAMARDI, in his capacity
                                              as President of TARENTUM LTD.
                                              d/b/a Ulivo

## ACKNOWLEDGMENT

On this _____ day of _____, 2022, before me personally came FABIO CAMARDI, in his capacity as President of TARENTUM LTD d/b/a Ulivo, and executed the foregoing instrument for the purposes therein contained by signing his name.

Sworn to before me this _____ day of _____, 2022

_____

Notary Public

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLENDI SAHITI,<br><br>    Plaintiff,<br><br>v.<br><br>TARENTUM, LTD, d/b/a Ulivo, FABIO CAMARDI, and MANUELA CALABRESE,<br><br>    Defendants. | 19-CV-07377 (AT)(KNF) |

### CONFESSION OF JUDGMENT OF FABIO CAMARDI

STATE OF NEW YORK            }
                             } S.S.
COUNTY OF_____   ]

FABIO CAMARDI (herein the "Undersigned") being duly sworn, deposes and says:

1.   I am a defendant in the above-captioned action and authorized to make this affidavit

2.   The Undersigned hereby confesses judgment, and authorizes entry of judgment against him in the sum of $30,000.00 (Thirty Thousand United States Dollars and Zero Cents) minus any payments already made pursuant to the terms of the Settlement Agreement (the "Settlement Agreement") between Plaintiff Blendi Sahiti and Defendants Tartentum, Ltd., d/b/a Ulivo, Fabio Camardi and Manuela Calabrese (the "Tarentum Parties"), dated _____, 2022, (the "Settlement Agreement"), together with interest from the date of the default to the date of entry of judgment,

computed as provided in 28 U.S.C. §1961; statutory costs pursuant to 28 U.S.C. §§ 1920, 1921, 1923, and 1924; and reasonable attorneys' fees and interest, computed as provided in 28 U.S.C. §1961, incurred in entering and enforcing the judgment.

3.  This confession of judgment is for a debt justly due to Plaintiff and/or his counsel pursuant to the Settlement Agreement, resolving the above-caption matter, and the Undersigned's default or the default of the Tarentum Parties in making payments required under the Settlement Agreement. That is, on the _____ day of _____, 2022, the parties in the above-captioned lawsuit entered into the Settlement Agreement approved by the Court requiring the Undersigned and/or the undersigned entities to pay the sum of $30,000.00 (Thirty Thousand United States Dollars and Zero Cents) Thousand Dollars in accordance with the terms of the Settlement Agreement.

4.  This confession of judgment is not for the purpose of securing the Plaintiff and/or his counsel in the above-captioned action against a contingent liability.

Dated:_____, 2022

_____
FABIO CAMARDI

## ACKNOWLEDGMENT

On this _____ day of _____, 2022, before me personally came FABIO CAMARDI and executed the foregoing instrument for the purposes therein contained by signing his name.

Sworn to before me this _____ day of _____, 2022


_____

Notary Public