UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BLENDI SAHITI,

                              Plaintiff,

                -against-

TARENTUM, LTD., *et al.*,

                              Defendants.

19-cv-7377 (JW)

**ORDER OF DISMISSAL**

**JENNIFER E. WILLIS, United States Magistrate Judge:**

In this action under the Fair Labor Standards Act and the New York Labor Law, which is before this Court on the consent of the parties pursuant to 28 U.S.C. § 636(c), the parties, having reached an agreement in principle to resolve the action, have placed their proposed settlement agreement before this Court for approval.  See Cheeks v. Freeport Pancake House, Inc., 796 F.3d 1999 (2d Cir. 2015) (requiring judicial fairness review of FLSA settlements).  The parties have also submitted a letter detailing why they believe the proposed settlement agreement is fair, reasonable, and adequate.  Dkt. No. 100.  This Court has reviewed the parties' submissions in order to determine whether the proposed agreement represents a reasonable compromise of the claims asserted in this action, and, in light of the totality of the relevant circumstances, including the representations made in the parties' letter and the terms of the proposed settlement agreement, it is hereby ORDERED that:

1.      The Court finds that the terms of the proposed settlement agreement are fair, reasonable, and adequate, both to redress Plaintiff's claims in this action and

to compensate Plaintiff's counsel for their legal fees, and the agreement is therefore approved.

2.      The Court notes that this Order does not incorporate the terms of the parties' proposed agreement.  Further, the settlement agreement does not recite that this Court will retain jurisdiction to enforce its terms, and this Court has made no independent determination to retain jurisdiction.   Accordingly, nothing in this Court's approval of the settlement under <u>Cheeks</u> should be construed as such a determination.  <u>See</u> <u>Hendrickson v. United States</u>, 791 F.3d 354, 359-60 (2d Cir. 2015) (finding that a federal court will retain ancillary jurisdiction to enforce a settlement only where it has (1) expressly retained jurisdiction over enforcement of the agreement, or (2) incorporated the terms of the parties' settlement agreement in a court order); <u>see also</u> <u>Mao v. Mee Chi Corp.</u>, No. 15-cv-1799 (JCF), 2016 WL 6754342, at *1 (S.D.N.Y. Feb. 11, 2016) (finding no retention of jurisdiction in the context of judicial approval of an FLSA settlement, on the ground that "[i]t is not enough that the court somehow have given the settlement its 'judicial imprimatur'" (citing <u>Hendrickson</u>, 791 F.3d at 358-59)).

3.      As a result of the Court's approval of the parties' proposed settlement, this action is hereby discontinued with prejudice and without costs, provided, however, that, within 30 days of the date of this Order, if any aspect of written documentation of the settlement is not completed, then Plaintiff may apply by letter for the restoration of the action to the active calendar of the Court.

4.     The Clerk of Court is respectfully requested to close this case on the

Docket of the Court.

SO ORDERED.


Dated: New York, New York
       July 21, 2022

JENNIFER E. WILLIS
United States Magistrate Judge